# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TARENE DOYLE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO: _____ |
| ) | |
| VOZEL TRANSPORT, INC. and ) | |
| VOZEN ANATOLI, ) | STATE COURT |
| ) | FILE NO.: 21-SCCV-092667 |
|    Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Anatoli Vozian (incorrectly named "Vozian Anatoli") and Vozel Transport, Inc. (hereinafter "Defendants"), hereby remove this action from the State Court of Bibb County, Georgia to the United States District Court for the Middle District of Georgia, Macon Division, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and all applicable laws.

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed.

As grounds for this removal, Defendants state as follows:

## I. INTRODUCTION

1. On March 29, 2021, Plaintiff Tarene Doyle filed a Complaint for Damages in the State Court of Bibb County, Georgia, for alleged injuries arising out of a motor vehicle accident on March 3, 2020 in Bibb County, Georgia between a tractor trailer driven by Defendant Anatoli Vozian and a tractor trailer driven by Plaintiff. (Compl., ¶¶ 2, 3, 14.)  The State Court Action is captioned <u>Tarene Doyle v. Vozel Transport, Inc. and Vozian Anatoli</u>, Civil Action No. 21-SCCV-092667 (hereinafter the "State Court Action").

2. Plaintiff's Complaint alleges negligence and state law tort claims against Defendants arising out of the subject motor vehicle accident. (Compl., ¶¶ 1, 8, 22-26, 29-34.)

3. Plaintiff alleges Defendant Vozian, who was driving for Defendant Vozian Transport, Inc., was negligent in causing the subject accident. (Compl., ¶¶ 3, 22-26, 29-34.)

4. Plaintiff alleges the negligence of Defendant Vozian is imputable to Defendant Vozian Transport, Inc. under the doctrine of vicarious liability. (Compl., ¶¶ 41-43.)

5. Plaintiff alleges Defendants' negligence caused him damages, including: "serious bodily injuries some of which are disabling and permanent; physical pain and suffering in the past and future; mental pain and suffering in the past and future; emotional trauma and distress in the past and future; expenses for medical and other care and treatment in the past and future; loss of income and earning capacity in the past and future; diminished capacity to work, labor, and earn money; and loss of enjoyment of life in the past and future." (Compl., ¶¶ 25 and 34.)

II. **REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

6. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **The amount in controversy requirement is satisfied.**

7. When a plaintiff does not allege a specific amount of damages in the complaint, the removing defendant may demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted

under subparagraph (A) if the district finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specific in section 1332(a).").

8. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id.; Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990)).

9. A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint…

establishes the jurisdictional amount." Id. at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010).

10. Here, alleges that Defendants' negligence caused him damages, including: "serious bodily injuries some of which are disabling and permanent; physical pain and suffering in the past and future; mental pain and suffering in the past and future; emotional trauma and distress in the past and future; expenses for medical and other care and treatment in the past and future; loss of income and earning capacity in the past and future; diminished capacity to work, labor, and earn money; and loss of enjoyment of life in the past and future." (Compl., ¶¶ 25 and 34.)

11. More specifically, Plaintiff's Counsel sent email correspondence to the insurance carrier for Defendants on February 1, 2021 wherein Plaintiff's Counsel detailed Plaintiff's alleged injuries and damages. (See Ex. C, Email Correspondence dated Feb. 1, 2021.) Plaintiff alleges he suffered bi-lateral rotator cuffs (partial and full), a lumbar injury requiring an intracept procedure, and a cervical injury for which he plans to undergo an anterior cervical discectomy and fusion to his C5-C7 levels. (Id.) Plaintiff contends his past medical bills exceed

$100,000.00.  (Id.)  Plaintiff contends the anterior cervical discectomy and fusion will result in additional medical bills of approximately $120,000.00.  (Id.)  Plaintiff contends he has not been able to work since the date of the subject accident, resulting in approximately $113,000.00 in past lost wages and $100,000.00 in future lost wages.  (Id.)  In sum, Plaintiff contends his special damages are approximately $500,000.00.  (Id.)

12.    Based on Plaintiff's pre-suit email correspondence specifying his claimed past medical bills, future medical bills, past lost wages, and future lost wages totaling at least $500,000.00 that Plaintiff is seeking to recover in this lawsuit, among other general damages, it appears in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).

**B.    There is complete diversity of citizenship between Plaintiff and Defendants.**

13.    There is complete diversity between Plaintiff and Defendants.  (See Compl., ¶¶ 4, 5, and 9.)

14.    Plaintiff is resident and citizen of the State of Georgia.  (Compl., ¶ 4.)

15.    Defendant Vozian is a resident and citizen of the State of Illinois. (Compl. ¶ 9.)

16. Defendant Vozel Transport, Inc. is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois. (Compl., ¶ 5.) Therefore, Defendant Vozel Transport, Inc. is a citizen of the State of Illinois; it is not a citizen of the State of Georgia.

17. Additionally, Plaintiff served his uninsured/underinsured motorist carrier, State Farm Fire and Casualty Company. State Farm is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Therefore, State Farm is a citizen of the State of Illinois; it is not a citizen of the State of Georgia.

18. As a result, there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332(a).

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

19. The United States District Court for the Middle District of Georgia, Macon Division, embraces Bibb County, Georgia. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

20. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendants, including the Complaint for Damages and Summons directed to Defendants, are attached as Exhibit A.

21. Plaintiff attempted to serve Defendants Vozian and Vozel Transport, Inc. with the Summons and Complaint for Damages through the Secretary of the State of Georgia pursuant to O.C.G.A. § 40-1-117(a).  (Ex. A, Certificates of Acknowledgment.)  The Certificates of Acknowledgment demonstrate that the legal documents regarding service of process upon Defendants were filed with the Secretary of the State of Georgia on March 30, 2021.  (Id.)

22. This notice is filed within one year of the commencement of this action, and it is filed within 30 days after service of the Summons and Complaint for Damages on Defendants Vozian and Vozel Transport, Inc.  Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

23. As demonstrated by its consent below, State Farm Fire and Casualty consents to the removal of this lawsuit.

24. In accordance with 28 U.S.C. 1446(b)(2)(A), and based on a review of the pleadings filed in the State Court Action, all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

25. Promptly after the filing of this Notice of Removal, Defendants will give notice of this Notice of Removal to all parties on record and to the Clerk of the State Court of Bibb County, Georgia pursuant to 28 U.S.C. § 1446(d).  A true

and correct copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

26. Defendants have complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal. Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, and the allegations in Plaintiff's Complaint for Damages, the United States District Court for the Middle District of Georgia, Macon Division, has original jurisdiction over this matter.

27. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction over this case as provided by law.

This 29th day of April 2021.

                Respectfully submitted,

                SWIFT, CURRIE, McGHEE & HIERS, LLP

                /s/ *Daniel J. Kingsley*
                  Daniel J. Kingsley
                  Georgia Bar No. 541547
                  Attorney for Defendants Anatoli Vozian and Vozel Transport, Inc.

1355 Peachtree St. N.E., Ste. 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
daniel.kingsley@swiftcurrie.com

CONSENTED TO BY:

/s/ *Cubbedge Snow, III*
Cubbedge Snow, III
(with express permission by Daniel J. Kingsley)
Georgia Bar No. 666025
Martin Snow, LLP
P. O. Box 1606
Macon, Georgia 31202
csnow@martinsnow.com
Attorney for State Farm Fire and Casualty Company

-11-

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rule 7.4 M.D. Ga.

This 29th day of April 2021.

                                           Respectfully submitted,

                                           SWIFT, CURRIE, McGHEE & HIERS, LLP

                                           /s/ *Daniel J. Kingsley*
                                           Daniel J. Kingsley
                                           Georgia Bar No. 541547
                                           Attorney for Defendants Anatoli Vozian and Vozel Transport, Inc.

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the attached **NOTICE OF REMOVAL** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

Michael G. Regas II
James W. Stone
The Stone Law Group Trial Lawyers, Llc
5229 Roswell Road NE
Atlanta, GA 30342
mike@stonelaw.com
james@stonelaw.com
*Attorneys for Plaintiff*

Cubbedge Snow, III
Martin Snow, LLP
P.O. Box 1606
Macon, Georgia 31202
csnow@martinsnow.com
*Attorney for State Farm Fire and Casualty Company*

This <u>29th</u> day of April 2021.

        Respectfully submitted,

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        /s/ *Daniel J. Kingsley*
        Daniel J. Kingsley
        Georgia Bar No. 541547

1355 Peachtree St NE, Ste. 300    Attorney for Defendants Anatoli Vozian and Vozel
Atlanta, Georgia 30309    Transport, Inc.
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
daniel.kingsley@swiftcurrie.com
4818-5845-2199, v. 1