# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-SCCV-092667</u>

Doyle, Tarene

_____

**PLAINTIFF**

                                                    **VS.**

Vozel Transport, Inc.
Anatoli, Vozian

_____

**DEFENDANTS**


**SUMMONS**

TO: VOZEL TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Stone**
> **The Stone Law Group - Trial Lawyers, LLC**
> **580 College St.**
> **P.O. Drawer 70**
> **Blakely, Georgia 39823**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2021.**

Clerk of State Court


_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# EXHIBIT "A"

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   21-SCCV-092667

Doyle, Tarene

_____

**PLAINTIFF**

**VS.**

Vozel Transport, Inc.
Anatoli, Vozian

_____

**DEFENDANTS**

**SUMMONS**

TO: ANATOLI, VOZIAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Stone**
> **The Stone Law Group - Trial Lawyers, LLC**
> **580 College St.**
> **P.O. Drawer 70**
> **Blakely, Georgia 39823**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2021.**

Clerk of State Court

_____

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

✴ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Print Form

# IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

Tarene Doyle

CIVIL ACTION # _____

**PLAINTIFF**

vs.

State Farm Insurance Company

c/o Corporation Service Company Registered Agent

40 Technology Parkway South, Suite 300, Norcross, GA 30092

**DEFENDANT**

STATE COURT OF BIBB
COUNTY
PO BOX 5086
MACON GA 31213-7199

# S U M M O N S

**TO THE ABOVE-NAMED DEFENDANT:** _____

        You are hereby summoned and required to file with the Clerk of said court and serve·upon the Plaintiff's attorney, whose name and address are:

James W. Stone, Esq.

Stone Law Group

5229 Roswell Road NE

Atlanta, GA 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This_____day of _____, 20____.

**Clerk of State Court**

BY:_____
                    Deputy Clerk

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TARENE DOYLE                          *

        Plaintiff,          *

v.                                     *

VOZEL TRANSPORT, INC. and              *       Civil Action No. _____
VOZIAN ANATOLI

                        *

        Defendants        *

                        *

## COMPLAINT FOR DAMAGES

COME NOW YOUR PLAINTIFF above named and file this Complaint for Damages, showing this Court as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS
### Nature of the Case, Parties, Jurisdiction, Venue, and Conditions Precedent

1.     This is an action for damages and appropriate relief for personal and bodily injury to Plaintiff Tarene Doyle (Doyle).

2.     The claims asserted arise out of a commercial motor vehicle collision that occurred on March 3, 2020, on Interstate 75, near mile-marker 152 in Macon, Bibb County, Georgia.

3.     At that time and place, a commercial motor vehicle, operated by Defendant Vozian Anatoli (Anatoli) for Defendant Vozel Transport, Inc. (Vozel Transport), struck Plaintiff Doyle's commercial vehicle from the rear and seriously injured Plaintiff Doyle.

4.     Plaintiff is a resident of Georgia, residing at 355 Emerson Trail, Covington, Newton County, Georgia 30016.

5.     Defendant Vozel Transport, Inc. (Vozel Transport) is a foreign corporation organized under Illinois law and is a resident of that state. Defendant Vozel Transport's principal place of business is 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Vozel

Transport may be served by delivering a copy of the Complaint and Summons to its President and Secretary, Defendant Vozian Anatoli, at that same address. Alternatively, Defendant Vozel Transport may be served by delivering a copy of the Complaint and Summons to the Secretary of the State of Georgia as provided in O.C.G.A. § 40-1-117(a).

6.      Defendant Vozel Transport is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. §§ 40-1-50 *et seq.*, and is subject to the provisions of that Act.

7.      Defendant Vozel Transport is subject to the jurisdiction of this Court and venue of this action against Defendant Vozel properly lies in this county pursuant to O.C.G.A. §§ 40-1-117(b) and 40-12-3.

8.      This action arises out of tortious acts or omissions Defendant Vozel Transport has committed in this state in the operation of a commercial motor vehicle by its agent, officer, employee, or statutory employee, Defendant Anatoli. These tortious acts or omissions resulted in injuries to Plaintiff.

9.      Defendant Anatoli is resident of Illinois, residing at 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Anatoli may be issued a summons and service of process at this address. Alternatively, Defendant Anatoli may be served in this state under the Georgia Non-Resident Motorist Act by delivering service of Summons and Complaint to the Secretary of the State of Georgia as provided in O.C.G.A. §§ 40-12-1 *et seq*. and 9-11-4(j).

10.     Defendant Anatoli is subject to the jurisdiction of this Court and venue of this action against Defendant Anatoli properly lies in this county under the Georgia Non-Resident Motorist Act, O.C.G.A. § 9-10-90, *et seq.* and O.C.G.A. § 40-12-3.

11.     At all times relevant to this action, Defendant Anatoli was the President, corporate officer, agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli

was acting in the course and scope of his employment with Defendant Vozel Transport and in pursuit of its business. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts and omissions that are imputed to them.

12.     Alternatively, at all times relevant to this action, Defendant Anatoli was an independent contractor who undertook to perform non-delegable duties imposed on Defendant Vozel Transport by Federal or Georgia laws. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions that breached those non-delegable duties.

13.     All conditions precedent to the bringing of this action and Plaintiffs' right to the relief sought herein have occurred, have been performed, or have been excused.

**Background Facts**

14.     On March 3, 2020, at approximately 6:53 PM, Plaintiff Doyle was legally operating his 2014 Freightliner Conventional FLC tractor trailer (Freightliner) and travelling northbound in the extreme right-hand travel lane of Interstate 75 (I-75) near mile marker 152 in Macon, Bibb County, Georgia.

15.     At that time and place, Defendant Anatoli was driving a 2013 Volvo 0ASpirit (Volvo) owned, possessed, controlled, and operated by either Defendants Vozel Transport or Anatoli, or both of them, in the extreme right-hand travel lane of I-75.

16.     At that time and place, Defendant Anatoli was performing the obligation of Defendant Vozel Transport as a motor carrier for hire. Defendant Anatoli was performing this obligation directly or indirectly for the financial benefit of Defendant Vozel Transport.

17.     Defendant Anatoli approached Mr. Doyle from the rear at a speed higher than Plaintiff Doyle's speed.

18.     Defendant Anatoli attempted to change lanes to the middle lane of I-75 in order to pass and overtake Plaintiff Doyle on his left.

19.     To avoid causing contact with a vehicle in the middle lane, Defendant Anatoli aborted his lane change and remained or re-entered in the extreme right-hand lane of I-75.

20.     Defendant Anatoli collided with Mr. Doyle from the rear.

21.     At that time and place, Defendant Anatoli's view of traffic signs, signals, control devices, as well as the roadway, adjacent lanes of travel, and the Volvo driven by Mr. Doyle, was clear and unobstructed.

22.     At that time and place, Defendant Anatoli proximately caused the collision by negligently driving and operating the Freightliner in one or more of the following ways, among others:

(a)     Failing to maintain his lane in violation of O.C.G.A. § 40-6-48;

(b)     Following too closely in violation of O.C.G.A. § 40-6-49;

(c)     Failure to use due care to keep a proper lookout;

(d)     Failure to use due care to maintain control over the speed and movements of the vehicle to avoid colliding with and injuring others lawfully using the road, including the Plaintiff Doyle; and

(e)     Any and all acts or omissions that may be shown at trial.

23.     Defendant Anatoli's conduct in driving the Volvo was negligent.

24.     Defendant Anatoli's conduct in driving the Volvo was negligent *per se*.

25.     At that time and place, the Volvo driven by Defendant Anatoli struck Plaintiff Doyle's Freightliner and proximately caused serious harm and injuries, including:

(a)     Serious bodily injuries some of which are disabling and permanent;

(b)     Physical pain and suffering in the past and in the future;

(c)     Mental pain and suffering in the past and in the future;

    (d)    Emotional trauma and distress in the past and in the future;

    (e)    Expenses for medical and other care and treatment in the past and in the future;

    (f)    Loss of income and earning capacity in the past and in the future;

    (g)    Diminished capacity to work, labor, and earn money;

    (h)    Loss of enjoyment of life in the past and in the future.

26.    Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff Doyle is entitled to recover his reasonable expenses of litigation, including attorney's fees, from the Defendants as a part of his damages under O.C.G.A. § 13-6-11.

## COUNT 1
### Vicarious Liability Claim against Vozel Transport, Inc.

27.    Paragraphs 1 through 26 are incorporated by reference.

28.    At all times relevant to this action, Defendant Anatoli was the agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli was acting within the course and scope of his employment and in pursuit of Defendant Vozel Transport's business.

29.    Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions.

30.    By reason of the foregoing, Defendant Vozel Transport is subject to liability to Plaintiff Doyle for all his general and special compensatory damages for the harm proximately caused by Defendant Anatoli's negligence.

## COUNT 2
### Negligence or Negligence *Per Se*

31.    Paragraphs 1 through 26 are incorporated by reference.

32.    Defendant Anatoli's acts and omissions were negligent.

33.     Defendant Anatoli's acts and omissions were negligent *per se*.

34.     Because of the foregoing, Defendant Anatoli is subject to liability to Plaintiff Doyle for all his general and special damages for all harm proximately caused by the Defendants' negligence.

WHEREFORE, Plaintiff Doyle demands:

(a)     Trial by jury;

(b)     Judgment against Defendants for such sums as the evidence shall show Mr. Doyle to be justly entitled to recover as compensatory damages, including interest, reasonable expenses of litigation, including attorney's fees and all costs;

(c)     Such other relief as the Court deems proper.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
 **TRIAL LAWYERS, LLC**
By: /s/James W. Stone
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:       mike@stonelaw.com
J. Stone email:       james@stonelaw.com

6

**General Civil and Domestic Relations Case Filing Information Form**

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

21-SCCV-092667
SEI

MAR 29, 2021 01:05 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

☐ Superior or ☑ State Court of _Bibb_   **County**

**For Clerk Use Only**

**Date Filed** 03-29-2021
MM-DD-YYYY

**Case Number** 21-SCCV-092667

**Plaintiff(s)**

Doyle, Tarene

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Vozel Transport, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Anatoli, Vozian

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Stone, James   **Bar Number** 328708   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

⚓ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
SFL
MAR 29, 2021 01:05 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE                         *

      Plaintiff,                    *

v.                                    *

VOZEL TRANSPORT, INC. and            *         Civil Action No. _____
VOZIAN ANATOLI
                                *

      Defendants                     *

                                 *

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT VOZIAN ANATOLI – SET 1

**TO: Defendant Vozian Anatoli and his attorneys**

      The following Interrogatories ("Discovery Requests") are served on you subject to the provisions of O.C.G.A. §§ 9-11-26 and 33. You are required to answer these Discovery Requests separately and fully, in writing, under oath, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.    These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq.*, and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you.   In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules.  If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.    Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020 through the date of your response, whether your response is an original response or a supplemental response.

3.    These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to

you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

4.      Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

5.      If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

6.      Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email:   mike@stonelaw.com; aileen@stonelaw.com
>             james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by them in propounding the discovery requests to help you understand the objectives of their discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments.  These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests.  ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance

2

concerning the Plaintiff's Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means the motor vehicle collision that occurred on March 3, 2020 that forms the basis of Plaintiff's claims set forth in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded electronically, by audio, by photo, stenographically, in handwriting, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## **INTERROGATORIES**

1.     Identify every person known to you who claims to have knowledge of any facts, opinions, circumstances, or information relevant to the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally what each person identified claims to know.

2.     Identify every document or thing known to you which contains information material or relevant to the subject matter of this lawsuit or the claims or defenses of any party.

3.     Identify every person known to you who has conducted an investigation to determine any facts, information, documents, things, or other matters concerning the collision or the claims and defenses of any party to this case, describe the nature of such investigation, and identify any documents created in concerning such investigation.

4.     Identify every person who has made any observations, measurements, or photos, of the 2013 Volvo 0ASpirit tractor trailer (Volvo) involved in the collision, or any surrogate or exemplar vehicles.  For each, give the following information:

(a)     State each of the observations and measurements such person has made;

(b)     Identify each of the photos such person has made; and

(c)     Identify any documents such person created concerning such observations, measurements, photographs, digital images, or videotapes.

5.     Identify every person known to you who has made any observations, measurements, or photos of the scene at or near the place of the collision.  For each, give the following information:

    (a)     State each of the observations and measurements such person has made;

    (b)     Identify each of the photos such person has made; and

    (c)     Identify any documents such person created concerning such observations, measurements, photos.

6.     Identify every person known to you who has made any photos of the Plaintiff after the Collision, and identify each of such photographs, digital images, or videotapes.

7.     Identify every person you expect to call to testify in your behalf as an expert witness on the trial of this case and for each give the following information:

    (a)     State the subject matter on which the expert is expected to testify;

    (b)     Give a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

    (c)     State the substance of the facts and opinions to which the expert is expected to testify;

    (d)     State a summary of the grounds for each of the expert's opinions;

    (e)     Identify all documents and things the expert has reviewed;

    (f)     Identify all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify; and

    (g)     State the basis for the expert's compensation for all services relating to this case.

8.     Identify every person who has been retained or specially employed by you in anticipation of litigation or preparation for trial who is _not_ expected to be called by you as an expert witness on the trial of this case.

9.     Identify every person who has expressed an opinion concerning the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally the opinions

expressed by each person identified, and the grounds stated for each opinion.  <u>NOTE:  This interrogatory does not seek disclosure of information about testifying experts or non-testifying expert consultants retained or specially employed by you in anticipation of litigation or preparation for trial.  This interrogatory seeks disclosure of information about any person who has expressed either a lay or expert opinion other than retained testifying experts and retained non-testifying expert consultants.</u>

10.     Identify every statement made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party and identify any means each statement was recorded.

11.     Identify every report made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

12.     State your mobile or cell phone number, identify your cellular phone service provider and account number, and identify the authorized persons who have access to your account information.

13.     State whether the Volvo or your cell phone were equipped with a GPS system, a navigation system, or other kind of location tracking system, and if so whether the data recorded on it has been downloaded or analyzed and identify each person who participated in downloading or analyzing the data.

14.     Identify <u>every</u> insurance agreement (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment, and for each, state:

     (a)     The complete name and address of the insurance company;

     (b)     The policy number;

     (c)     The inclusive dates of coverage;

(d)     The policy limits of coverage available;

(e)     The claim number assigned by the insurance company; and

(f)     Identify the person employed by the insurer who is responsible for managing this claim.

15.     If there is any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements identified in the preceding interrogatory, identify each insurance agreement involved and describe the controversy and state the factual basis for it. NOTE:  "Controversy" includes any reservation of rights on the part of the insuring party.

16.     Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

17.     Provide the following information relating to your educational history:

(a)     Identify each school or institution you have attended;

(b)     The dates of your attendance;

(c)     Your date of graduation, if applicable; and

(d)     Any degree, diploma, or certificate you received.

18.     Provide the following information relating to your employment history:

(a)     Identify each employer for whom you have worked;

(b)     The dates of your employment;

(c)     Your job titles or capacities;

(d)     A description of your job duties, and;

(e)     The reasons for leaving employment.

19.     Provide the following information relating to your marital history:

(a)     Identify each spouse to whom you have been married;

(b)     The date and place of marriage;

(c)     When and how each marriage was terminated;

(d)    If terminated by divorce, identify the state, county, court, and case number for each divorce proceeding, and the date each final decree of divorce was entered;

(e)    If terminated by death, identify the city, county, and state in which the death of each prior spouse occurred, the date of death, and the date of the entry of the death certificate.

20.    Provide the following information relating to your military service history:

(a)    Identify the branches of the military service in which you have served;

(b)    The inclusive dates of your service;

(c)    Your ranks and periods of holding each rank;

(d)    Your duties and responsibilities; and

(e)    The date and type of discharge you received.

21.    Provide the following information relating to your medical history:

(a)    Identify each hospital, institution, or healthcare provider by which you have been seen, treated, or cared for during the period March 1, 2015 to the date of your response;

(b)    Identify the dates on which you were seen, treated, or cared for by each;

(c)    Identify and describe the reasons you were seen, treated, or cared for by each;

(d)    Identify the diagnosis of your condition made or given by each;

(e)    Identify and describe the treatment or care you were provided by each; and

(f)    Identify any medication prescribed by each and state the reason for the prescription.

22.    Identify every pharmacy which has provided you with any prescription medication during the period March 1, 2018 to the date of your response.

23.    State in detail the relationship between you and Vozel Transport, Inc., at the time of the Incident (e.g., owner, officer, company driver, lease operator, temporary driver, etc.), and include the following:

(a)    How you were paid at the time of the Incident (e.g. by hour, by load, by mile, salary, etc.);

(b)     The total amount you were compensated for work on the date of the Incident;

(c)     The name of the corporation which issued your paycheck; and

(d)     When and why your relationship with Vozel Transport, Inc., began and, if necessary, ended.

24.     State in detail all training and education (including on-the-job training) provided to you by or on behalf of Vozel Transport, Inc., at any time and in any way related to the operation of the Volvo or any other commercial motor vehicle.

25.     For the time period beginning 48 hours before the Incident and ending 48 hours after the Incident, identify and explain all communications of any kind (in person, by telephone, text message, email, Qualcomm, etc.) between you and anyone acting for or on behalf of Vozel Transport, Inc., anyone acting for or on behalf of Northland Insurance Company, anyone acting for or on behalf of any law enforcement agency; anyone acting for or on behalf of any insurance company, and anyone acting for or on behalf of anyone else for any purpose.

26.     Identify each occasion on which you have ever been subjected to any discipline, reprimand, counseling, additional training, or any employment action by Vozel Transport, Inc., for any reason, whether or not related to the Subject Incident or any other incident, describe the circumstances of each occasion, and identify the agents or employees of Vozel Transport, Inc., who subjected you to such discipline, reprimand, counseling, additional training, or any employment action on each occasion.

27.     Have you ever been charged with, pled guilty to, or been convicted of any crime? If so, for each charge give the following information:

(a)     Identify the crime charged;

(b)     Identify the court and case number where the charge was filed;

(c)     State the date of disposition of the charge;

(d)     Describe the disposition of the charge;

(e)     Give the date your sentence, if any, was completed; and

(f)     State how your sentence, if any, was completed.

28.     Have you ever been treated for drug, controlled substance, or alcohol use, abuse, or addiction?  If so, provide the following information:

(a)     Identify the person, hospital, or institution providing the treatment;

(b)     Identify the substance you were using, abusing, or addicted to;

(c)     State the inclusive dates of any treatment or hospitalization; and

(d)     State your discharge diagnosis and orders for any further treatment.

29.     Within the 24 hours before the Collision, did you use or consume any drugs (prescription or over the counter), controlled substances, or alcohol?  If so, identify what drugs, substances, or alcohol you used or consumed; the quantity of each used or consumed; the approximate time you commenced using or consuming such drugs, substances, or alcohol; the approximate time you commenced using or consuming such drugs, substances, or alcohol; and identify the persons who were with you while you were using or consuming such drugs, substances, or alcohol.

30.     Identify and describe any lawsuit to which you have been involved in the past.  For each lawsuit listed, identify and describe your involvement (i.e., plaintiff or defendant), the style of the case, the jurisdiction presiding over the matter, the date of the lawsuit, the nature of the lawsuit, and identify the attorney who represented you, if any.

31.     Describe in detail how the Incident described in Plaintiff's Complaint happened, including all actions taken by you to prevent colliding with or injuring Plaintiff Tarene Doyle.

11

32.     Do you claim that any party other than you is or may be responsible, at least in part, for the injuries and damages claimed in the Complaint for damages?  If so, identify each such other party, and give the following information:

(a)     State the factual basis for your claim with particularity;

(b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim;

(c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know;

(d)     Identify each document and thing that you rely on as the supporting basis for such claim.

33.     Do you contend that the negligence or other fault of the Plaintiff was a sole proximate cause or a contributing proximate cause of the incident and his resulting injuries?  If so, give the following information:

(a)     State the basis for your claim with particularity;

(b)     Identify every act or omission by Plaintiff you claim was negligence or other misconduct.

(c)     Identify every violation of statute, administrative rule, ordinance, or other law by Plaintiff you claim was a proximate cause of the incident.

(d)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim.

(e)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know.

(f)     Identify each document and thing that you rely on as the supporting basis for such claim.

34.     Identify every other person, including parties or non-parties, whom you claim is or may be responsible, at fault, or legally liable, in whole or in part, for proximately causing the

Plaintiff's harm, injuries, and damages claimed against you in the Complaint, and for each, provide the following information:

(a)   State the factual basis for your claim with particularity;

(b)   Identify each act or omission you claim constitutes fault on the part of each person identified, and state how and to what extent each act or omission identified contributed as a proximate cause of the harm, injuries, and damages claimed;

(c)   State the percentage of total fault you claim ought to be assigned to each person and the reasons for such assignment;

(d)   Identify each person who participated in evaluating and determining the percentage of fault you claim ought to be assigned to each person identified;

(e)   Identify the methodology, information, documents, and things you rely on to support the percentage of fault you claim ought to be assigned to each person;

(f)   State the factual and evidentiary bases for apportionment of fault by percentages among all persons you identified as being responsible, at fault, or liable for the Plaintiffs' injury, harm, and damages.

35.   Before filing an answer to the Complaint in this action, did you or anyone acting on your behalf conduct any investigation to determine whether there were good grounds to support the Answer you filed, or to determine that the denials and affirmative defenses asserted in your Answer were substantially justified in fact and law?  If so, identify every person who participated in such investigation.

36.   Each of the paragraphs of the Complaint is incorporated by reference.  With respect to each paragraph of the Complaint that you deny, in whole or in part, give the following information:

(a)   Specify the part of each paragraph you deny, and the part of each paragraph you admit;

(b)   Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for your denial;

(c)   Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis

for your denial, and identify what each person identified claims to know; and

(d)     Identify each document or thing that you rely on as the supporting basis for your denial.

37.     Identify each affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not, and for each, give the following information:

(a)     Describe each defense with specificity and particularity;

(b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for the defense;

(c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for the defense, and identify what each person identified claims to know; and

(d)     Identify each document and thing that you rely on as the supporting basis for such defense.

38.     Each numbered request in Plaintiff's Request for Production – Set 1 to you is incorporated by reference.  With respect to each request, give the following information:

(a)     State whether you made a diligent search for all documents, tangible objects and items of real or documentary evidence falling within the scope of the request;

(b)     Identify every person who participated in making such a search for documents, tangible objects, and items of real or demonstrative evidence falling within the scope of the request;

(c)     Identify every place where such search was conducted;

(d)     Identify every file that was examined in the course of such search; and

(e)     Identify all documents and things which exist, but which were not produced in response to the request and state your specific reasons for failing to produce each of item withheld.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP
TRIAL LAWYERS, LLC**
By: _/s/James W. Stone_
Michael G. Regas II

14

Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:       james@stonelaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. _____ |
| | * | |
| Defendants | * | |
| | * | |

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT VOZEL TRANSPORT, INC. – SET 1

**TO:   Defendant Vozel Transport, Inc., and its Attorneys**

The following Interrogatories ("Discovery Requests") are served on you pursuant to the provisions of O.C.G.A. §§ 9-11-26 and 33.  You are required to answer these Discovery Requests separately and fully, in writing, under oath, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.   These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq.*, and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you.  In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules.  If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.   Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

3.   These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to

you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

4.     Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

5.     If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

6.     Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email: mike@stonelaw.com; aileen@stonelaw.com
>           james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

The Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by her in propounding the discovery requests to help you understand the objectives of her discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests.  ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance

concerning the Plaintiffs' Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means that motor vehicle collision forming the basis of the Complaint in this action which is more particularly described in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Concerning* means relating to, reflecting, pertaining to, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Defendant Anatoli* means Defendant Vozian Anatoli.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal

entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership,

4

government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, digital images, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded by electronically, stenographically, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*Vozel Transport* means Defendant Vozel Transport, Inc.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## **INTERROGATORIES**

1.      Identify every person known to you, or your representatives, who claims to have knowledge of any facts, opinions, circumstances, or information relevant to the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally what each person identified claims to know.

2.      Identify every document or thing known to you, or your representatives, which contains information material or relevant to the subject matter of this lawsuit, or the claims or defenses of any party.

3.      Regarding Vozel Transport, identify the following people:

(a)      The Safety Director/Chief Safety Officer at Vozel Transport on the date of the Subject Collision and now;

(b)      The person(s) primarily responsible for compliance with state and federal safety regulations at Vozel Transport on the date of the Subject Collision and now;

(c)      The person(s) responsible for training Defendant Anatoli; and

(d)      Defendant Anatoli's supervisor and manager on the date of the Subject Collision.

4.      For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Vozel Transport's driver's actions in the three years prior to the Subject Collision up to the date of your response, provide the style of the case (or name of parties, jurisdiction and case number), and briefly describe the circumstances of each suit/claim and the disposition.

5.      Identify and explain each communication of any kind between any federal and/or state agency and Vozel Transport that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

6.     With respect to the tractor operated by Defendant Anatoli at the time of the Subject

Collision, provide the following information:

   (a)   Identify the registered owner, lessor (if any), and lessee (if any) on the date of the Subject Collision.

   (b)   Provide the mileage and gross weight at the time of the Subject Collision.

   (c)   For the engine, identify the manufacturer, year, model, and identification number.

   (d)   Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

   (e)   Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved and identify the person who has custody of the data and of the system from which the data was acquired.

   (f)   Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

   (g)   Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

7.     With respect to the trailer operated by Defendant Anatoli at the time of the Subject

Collision, provide the following information:

   (a)   Identify the registered owner, lessor (if any) and lessee (if any) on the date of the Subject Collision and presently.

7

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)     Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

8.     With respect to the trip that Defendant Anatoli was on at the time of the Subject Collision, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Defendant Anatoli picked up the load he had at the time of the Subject Collision;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration, and reason for each stop Defendant Anatoli made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Defendant Anatoli intended to follow from the point of origin to the point of destination.

9.     With respect to Defendant Anatoli's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on Defendant Anatoli's logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Defendant Anatoli's logs and identify all persons involved in the process; and,

  (d) Identify all documents and data of any kind that you used to audit or verify the accuracy of Defendant Anatoli's logs.

10. For the 72 hours leading up to the Subject Collision, provide the following information regarding Defendant Anatoli:

  (a) Identify all driving hours;

  (b) Identify all on-duty not driving hours (location and activities);

  (c) Identify all stops (time and location) and the reason for them;

  (d) Identify when and where meals were eaten;

  (e) Identify if, when, and where Defendant Anatoli slept; and

  (f) Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

11. If Vozel Transport performs hours of service log audits on drivers,

  (a) Explain what is entailed in the auditing process;

  (b) Identify all documents and data used in the process;

  (c) Identify who performs the audits (in-house or outsourced);

  (d) Identify when, if ever, Defendant Anatoli's logs were audited; and

  (e) Identify all Hours-of-Service violations of which you are aware for Defendant Anatoli while he was working with your company.

12. With Respect to Defendant Anatoli, provide the following information:

  (a) Explain the relationship between Vozel Transport and Defendant Anatoli at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

  (b) Explain how Defendant Anatoli was compensated for driving (by hour, by load, by mile, salary or other);

  (c) Explain all steps Vozel Transport undertook to qualify Defendant Anatoli in accord with the Federal Motor Carrier Safety Regulations; and

  (d) Identify when Vozel Transport's relationship with Defendant Anatoli began and ended.

13.     Was Defendant Anatoli acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

14.     Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Vozel Transport regarding Defendant Anatoli at any time.

15.     Describe in detail all training and education (including on the job training) provided by or on behalf of Vozel Transport to Defendant Anatoli at any time and in any way related to the operation of a commercial motor vehicle.

16.     Identify all traffic violations committed by Defendant Anatoli while in your employ or in previous employment.

17.     If Defendant Anatoli has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

18.     Did Defendant Anatoli have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

19.     For each motor vehicle collision/accident involving Defendant Anatoli, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved, and a brief description of what happened.

20.     If Defendant Anatoli has ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

21.     Identify and explain all communications of any kind between Defendant Anatoli and anyone acting for or on behalf of Vozel Transport during the twenty-four (24) hours before

and after the Subject Collision.  For each communication, identify the method of communication (cell phone, Qualcomm, other), time of communication, persons involved, and the general subject.

22.     If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Defendant Anatoli at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

23.     Identify all Vozel Transport policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions concerning safe driving and/or defensive driving that were made available or provided by Vozel Transport to Defendant Anatoli during his employment with Vozel Transport.

24.     Describe in detail when and how you first became aware that Defendant Anatoli was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

25.     Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

26.     Identify all persons who to your knowledge have given a statement in any form (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.     Please state whether any drug and/or alcohol tests (blood, urine, or otherwise) were performed on Defendant Anatoli after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address, and phone number of the persons, firms, or

entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.     Identify every person who has made any observations, measurements, or photos, of the Volvo involved in the Collision, or any surrogate or exemplar vehicles.  For each, give the following information:

      (a)     State each of the observations and measurements such person has made;

      (b)     Identify each of the photos such person has made; and

      (c)     Identify any documents such person created concerning such observations, measurements, photographs, digital images, or videotapes.

29.     Identify every person known to you who has made any observations, measurements, or photos of the scene at or near the place of the Collision.  For each, give the following information:

      (a)     State each of the observations and measurements such person has made;

      (b)     Identify each of the photos such person has made; and

      (c)     Identify any documents such person created concerning such observations, measurements, photos.

30.     Identify every person you expect to call to testify in your behalf as an expert witness on the trial of this case and for each give the following information:

      (a)     State the subject matter on which the expert is expected to testify;

      (b)     Give a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

      (c)     State the substance of the facts and opinions to which the expert is expected to testify;

      (d)     State a summary of the grounds for each of the expert's opinions;

      (e)     Identify all documents and things the expert has reviewed;

(f)     Identify all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify; and

(g)     State the basis for the expert's compensation for all services relating to this case.

31.     Identify every person who has been retained or specially employed by you in anticipation of litigation or preparation for trial who is <u>not</u> expected to be called by you as an expert witness on the trial of this case.

32.     Identify every person who has expressed an opinion concerning the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally the opinions expressed by each person identified, and the grounds stated for each opinion.  **<u>NOTE</u>**:  <u>This interrogatory does not seek disclosure of information about testifying experts or non-testifying expert consultants retained or specially employed by you in anticipation of litigation or preparation for trial.  This interrogatory seeks disclosure of information about any person who has expressed either a lay or expert opinion other than retained testifying experts and retained non-testifying expert consultants.</u>

33.     Identify every report made by any person relating to the subject matter of this lawsuit, or the claims or defenses of any party.

34.     Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

35.     Do you claim that any party other than you is or may be responsible, at least in part, for the injuries and damages claimed in the Complaint for damages?  If so, identify each such other party, and give the following information:

(a)     State the factual basis for your claim with particularity;

(b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim;

(c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know;

(d)     Identify each document and thing that you rely on as the supporting basis for such claim.

36.     Do you contend that the negligence or other fault of the Plaintiff was a sole proximate cause or a contributing proximate cause of the incident and his resulting injuries?  If so, give the following information:

(a)     State the basis for your claim with particularity;

(b)     Identify every act or omission by Plaintiff you claim was negligence or other misconduct.

(c)     Identify every violation of statute, administrative rule, ordinance, or other law by Plaintiff you claim was a proximate cause of the incident.

(d)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim.

(e)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know.

(f)     Identify each document and thing that you rely on as the supporting basis for such claim.

37.     Identify every other person, including parties or non-parties, whom you claim is or may be responsible, at fault, or legally liable, in whole or in part, for proximately causing the Plaintiff's harm, injuries, and damages claimed against you in the Complaint, and for each, provide the following information:

(a)     State the factual basis for your claim with particularity;

(b)     Identify each act or omission you claim constitutes fault on the part of each person identified, and state how and to what extent each act or omission

identified contributed as a proximate cause of the harm, injuries, and damages claimed;

(c)   State the percentage of total fault you claim ought to be assigned to each person and the reasons for such assignment;

(d)   Identify each person who participated in evaluating and determining the percentage of fault you claim ought to be assigned to each person identified;

(e)   Identify the methodology, information, documents, and things you rely on to support the percentage of fault you claim ought to be assigned to each person;

(f)   State the factual and evidentiary bases for apportionment of fault by percentages among all persons you identified as being responsible, at fault, or liable for the Plaintiffs' injury, harm, and damages.

38.   If Vozel Transport has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

39.   Identify <u>every</u> insurance agreement (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment, and for each, state:

(a)   The complete name and address of the insurance company;

(b)   The policy number;

(c)   The inclusive dates of coverage;

(d)   The policy limits of coverage available;

(e)   The claim number assigned by the insurance company; and

(f)   Identify the person employed by the insurer who is responsible for managing this claim.

15

40.     If there is any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements identified in the preceding interrogatory, identify each insurance agreement involved and describe the controversy and state the factual basis for it. **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

41.     If anyone working for or on behalf of Vozel Transport has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

42.     Before filing an answer to the Complaint in this action, did you or anyone acting on your behalf conduct any investigation to determine whether there were good grounds to support the Answer you filed, or to determine that the denials and affirmative defenses asserted in your Answer were substantially justified in fact and law?  If so, identify every person who participated in such investigation.

43.     Each of the paragraphs of the Complaint is incorporated by reference.  With respect to each paragraph of the Complaint that you deny, in whole or in part, give the following information:

    (a)     Specify the part of each paragraph you deny, and the part of each paragraph you admit;

    (b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for your denial;

    (c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for your denial, and identify what each person identified claims to know; and

    (d)     Identify each document or thing that you rely on as the supporting basis for your denial.

16

44.     Identify each affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not, and for each, give the following information:

      (a)     Describe each defense with specificity and particularity;

      (b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for the defense;

      (c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for the defense, and identify what each person identified claims to know; and

      (d)     Identify each document and thing that you rely on as the supporting basis for such defense.

45.     Each numbered request in Plaintiff's Request for Production – Set 1 to you is incorporated by reference.  With respect to each request, give the following information:

      (a)     State whether you made a diligent search for all documents, tangible objects and items of real or documentary evidence falling within the scope of the request;

      (b)     Identify every person who participated in making such a search for documents, tangible objects, and items of real or demonstrative evidence falling within the scope of the request;

      (c)     Identify every place where such search was conducted;

      (d)     Identify every file that was examined in the course of such search; and

      (e)     Identify all documents and things which exist, but which were not produced in response to the request and state your specific reasons for failing to produce each of item withheld.

46.     Identify every person who supplied information used by you in preparing answers to these interrogatories and describe the relationship between yourself and such person.

This 29th day of March 2021.

                    Attorneys for Plaintiffs
                    **THE STONE LAW GROUP**
                    **TRIAL LAWYERS, LLC**
                    By: _/s/James W. Stone_

17

Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:     james@stonelaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
SFL
MAR 29, 2021 01:05 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. _____ |
| | * | |
| Defendants | * | |
| | * | |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT VOZEL
TRANSPORT, INC. – SET 1**

**TO:    Defendant Vozel Transport, Inc, and its Attorneys**

The following Requests for Production ("Discovery Requests") are served on you pursuant to the provisions of O.C.G.A. §§ 9-11-26 and 34.   You are required to answer these Discovery Requests separately and fully, in writing, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

**SPECIAL INSTRUCTIONS**

1.    These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq*., and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you.   In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules.   If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.    Produce all requested documents and things at the offices of THE STONE LAW GROUP – TRIAL LAWYERS, LLC, 5229 Roswell Road NE, Atlanta, GA 30342, at 10:00 o'clock a.m. on the 45th day following service of these Discovery Requests.   Alternatively, you may make such documents available for inspection and copying at the offices of your counsel in this case in Georgia upon written notice to Plaintiff's counsel.   You may produce copies of documents in digital .PDF format.   Copies of audio, photo, or computer files should also

be produced in their native format.  For your convenience, if you choose to produce the documents in electronic format, you may deliver those documents to Plaintiff's counsel on electronic storage media such as a DVD disc or a removable hard drive, or you may use DropBox or Microsoft OneDrive for delivery of them to Plaintiff's counsel.  See email addresses below.

3.    Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

4.    These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

5.    Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

6.    If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

7.    Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email: mike@stonelaw.com; aileen@stonelaw.com
>         james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

The Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by her in propounding the discovery requests to help you understand the objectives of her discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests. ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance concerning the Plaintiffs' Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means that motor vehicle collision forming the basis of the Complaint in this action which is more particularly described in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Concerning* means relating to, reflecting, pertaining to, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Defendant Anatoli* means Defendant Vozian Anatoli.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails,

instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, digital images, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded by electronically, stenographically, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*Vozel Transport* means Defendant Vozel Transport, Inc.

*You, your* means and refers to Vozel Transport, Inc. on whose behalf the response to a discovery request is being made.

## REQUESTS FOR PRODUCTION

1.      Identify and produce all documents and things that you rely on as a supporting basis for your denial of any fact alleged in any part of any paragraph of the Complaint.

2.      Identify and produce all documents and thing that you rely on as a supporting basis for any affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not.

3.      Identify and produce all documents and things that contain material or information relevant to the subject matter of this lawsuit or the claims or defenses of any party.

4.      Identify and produce all policies of insurance of any kind or nature which would or might provide benefits to the Plaintiff by reason of the incident described in the Complaint.

5.      Identify and produce all documents evidencing MCS-90 endorsements relating to the commercial motor vehicle Defendant Anatoli was operating at the time of the Collision.

6.      Identify and produce all documents evidencing your insurance policies complying with the Georgia Motor Carrier Act of 2012, O.C.G.A. §40-1-112(c) during the period including March 3, 2020.

7.      Identify and produce all documents evidencing all insurance agreements (including excess, supplemental or umbrella insurance agreements, insurance for the cab, tractor, or trailer) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment.

8.      Identify and produce all documents evidencing any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance

business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment.  **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

9.      Identify and produce all documents and things that relate to any facts, information, documents, things, or other matters relating to the subject matter of this action, or the claims or defenses of any party that has been furnished by you to any person you expect to call as an expert witness on the trial of this case.

10.      Identify and produce all statements made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

11.      Identify and produce all reports made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

12.      Identify and produce any and all photos taken by Defendants, their attorneys, investigators, agents, servants, or employees after the Collision which are in any manner related to the subject matter of this lawsuit.

13.      Identify and produce any and all photos, diagrams or sketches taken or prepared at the scene of the Collision which reveal or might reveal marks, damage or conditions which no longer exist at said scene or which probably no longer exist as said scene on the date of the filing of this request for production of documents.

14.      Identify and produce any and all documents evidencing Defendant Anatoli's driving record.

15.      Identify and produce any and all documents evidencing Defendant Anatoli's driving logs (*i.e.*, record of duty status) for the date of the Collision and six (6) months prior to the Collision.

16.     Identify and produce any and all documents evidencing the written response from each state agency contacted pursuant to 49 CFR 391.23 with reference to the driving record of Defendant Anatoli.

17.     Identify and produce any and all documents evidencing all written records with respect to each past employer who was contacted about the driving qualifications of Defendant Anatoli.

18.     Identify and produce any and all documents evidencing Defendant Anatoli's driver qualification file, maintained pursuant to 49 CFR 391.51, including, but not limited to:

(a)     Defendant Anatoli's application for employment;

(b)     List of Defendant Anatoli's employers for 10 years preceding the date of the application;

(c)     The reasons for leaving each employment;

(d)     Medical examiner's certificate;

(e)     Certificate(s) of road test(s);

(f)     Records of drug, substance, and alcohol tests; and

(g)     Accident register listing all DOT recorded preventable accidents.

19.     Identify and produce any and all documents evidencing Defendant Anatoli's list of violations of motor vehicle traffic laws obtained pursuant to 49 CFR 391.27.

20.     Identify and produce any and all documents evidencing Defendant Anatoli's employee-personnel file.

21.     Identify and produce any and all documents evidencing internal accident reports for any and all accidents of Defendant Anatoli.

22.     Identify and produce any and all documents evidencing reports giving you notification of Defendant Anatoli's convictions or suspensions for violating a state or local law relating to motor vehicle traffic control.

23.     Identify and produce any and all documents evidencing reports containing the results of any drug, substance, or alcohol tests administered to Defendant Anatoli during the entire time he has been employed by Defendant Vozel Transport.

24.     Identify and produce any and all documents evidencing reports containing the results of any drug, substance, or alcohol tests administered to Defendant Anatoli after the Collision.

25.     Identify and produce any and all documents evidencing company manuals provided to Defendant Anatoli covering commercial vehicle safety, maintenance, fleet safety programs, driver standards and drug and alcohol testing procedures.

26.     Identify and produce any and all documents evidencing Defendant Anatoli's pay records and financial statement documents for two (2) months prior to and including March 3, 2020.

27.     Identify and produce any and all documents relating to Defendant Anatoli's ability to drive a motor vehicle safely, including, but not limited to, letters of warning, record of disciplinary actions, safety awards, commendations, etc.

28.     Identify and produce any and all documents evidencing Defendant Anatoli's initial and subsequent commercial vehicle driving training by, or on behalf of, Defendant Vozel Transport including, but not limited to, curriculum covering safe operating practices, *i.e.*, visual search, speed management, space management, night operations, hazard perceptions, emergency maneuvers, extreme driving conditions, and skid control and recovery.

29.     Identify and produce any and all documents evidencing Defendant Vozel Transport's safety programs for commercial vehicle drivers in effect for five (5) years prior to and including March 3, 2020, including, but not limited to, documentation of driver safety meetings and driver training programs, with subjects covered to include training aids used, *e.g.*, video tapes, etc., as well as the attendance record of Defendant Anatoli.

30.     Identify and produce any and all documents evidencing federal, state, municipal and company accident reports or other accident records concerning all accidents in which Defendant Anatoli was involved including, but not limited to, the Collision that is the subject of this lawsuit and all previous accidents.

31.     If a satellite reporting system was used, identify, and produce any and all documents evidencing vehicle locations for the Volvo and Defendant Anatoli for two (2) months prior to and including March 3, 2020.

32.     Identify and produce any and all documents evidencing the March 3, 2020 itemized cell phone bill for the cell phone and PDA provided to Defendant Anatoli, if any.

33.     Identify and produce any and all documents evidencing policies and procedures governing cell phone use by your drivers which were in effect in 2020 and the date of the Collision.

34.     Identify and produce a complete, accurate, and legible copy of any and all agreements between Vozel Transport and Defendant Anatoli concerning or applicable to, directly or indirectly, Vozian and the Volvo involved in the Collision.

35.     Identify and produce all documents received in response to Nonparty Requests for Production.

36.     Identify, in a log, and produce to the court *in camera* every document and thing that is responsive to any of the Plaintiff's Discovery Requests but is being withheld by you under claims of privilege, immunity, or objection to discovery.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP
TRIAL LAWYERS, LLC**
By: */s/James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL     404/239-0305
FAX     404/445-8003
Regas email:      mike@stonelaw.com
J. Stone email:     james@stonelaw.com

11

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. _____ |
| | * | |
| Defendants | * | |
| | * | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VOZIAN ANATOLI– SET 1

**TO: Defendant Vozian Anatoli and his Attorneys**

The following Request for Production ("Discovery Requests") are served on you subject to the provisions of O.C.G.A. §§ 9-11-26 and 34. You are required to answer these Discovery Requests separately and fully, in writing, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

## SPECIAL INSTRUCTIONS

1.    These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq*., and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you.  In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules.  If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.    Produce all requested documents and things at the offices of THE STONE LAW GROUP – TRIAL LAWYERS, LLC, 5229 Roswell Road NE, Atlanta, GA 30342, at 10:00 o'clock a.m. on the 45th day following service of these Discovery Requests.  Alternatively, you may make such documents available for inspection and copying at the offices of your counsel in this case in Georgia upon written notice to Plaintiff's counsel.  You may produce copies of documents in digital .PDF format.  Copies of audio, photo, or computer files should also

1

be produced in their native format.  For your convenience, if you choose to produce the documents in electronic format, you may deliver those documents to Plaintiff's counsel on electronic storage media such as a DVD disc or a removable hard drive, or you may use DropBox or Microsoft OneDrive for delivery of them to Plaintiff's counsel.  See email addresses below.

3.      Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

4.      These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

5.      Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

6.      If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

7.      Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

>       Michael G. Regas II
>       James W. Stone
>       THE STONE LAW GROUP – TRIAL LAWYERS
>       5229 Roswell Road NE
>       Atlanta, GA 30342
>       TEL 404/239-0305
>       FAX 229/723-4834
>       Email: mike@stonelaw.com; aileen@stonelaw.com
>               james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## **TABLE OF DEFINITIONS**

Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by them in propounding the discovery requests to help you understand the objectives of their discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests. ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance concerning the Plaintiff's Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means the motor vehicle collision that occurred on March 3, 2020 that forms the basis of Plaintiff's claims set forth in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information

regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded electronically, by audio, by photo, stenographically, in handwriting, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## REQUESTS FOR PRODUCTION

1.      Identify and produce all documents and things that you rely on as a supporting basis for your denial of any fact alleged in any part of any paragraph of the Complaint.

2.      Identify and produce all documents and things that you rely on as a supporting basis for any affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not.

3.      Identify and produce all documents and things that contain information material or relevant to the subject matter of this lawsuit, or the claims or defenses of any party.

4.      Identify and produce any and all policies of liability insurance providing coverage to the you for claims arising out of the collision or copies of any and all policies of insurance which allegedly provided liability insurance coverage to you for the collision including, but not limited to, coverage for the operator of the cab, tractor and/or trailer.

5.      Identify and produce any and all policies of insurance of any kind or nature which would or might provide benefits to the Plaintiff by reason of the incident described in the Complaint.

6.      Identify and produce all documents evidencing all insurance agreements (including excess, supplemental or umbrella insurance agreements that may provide insurance for the operator of the cab, tractor, or trailer) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment.

7.      Identify and produce all documents evidencing any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance

business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment.  **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

8.      Identify and produce all documents and things that relate to any statement made by any person relating to the subject matter of this action or the claims or defenses of any party.

9.      Identify and produce all documents and things that relate to any facts, information, documents, things, or other matters relating to the subject matter of this action or the claims or defenses of any party that has been furnished by you to any person you expect to call as an expert witness on the trial of this case.

10.      Identify and produce all documents and things that have been examined, reviewed, or relied on in forming opinions and conclusions by any person you expect to call as an expert witness on the trial of this case.

11.      Identify and produce all documents and things evidencing any report made by any person you expect to call as an expert witness on the trial of this case, or that is mentioned, discussed, or referred to in such a report.

12.      Identify and produce all reports made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

13.      Identify and produce any and all photos taken by Defendants, their attorneys, investigators, agents, servants, or employees after the collision which are in any manner related to the subject matter of this lawsuit.

14.      Identify and produce any and all photos, diagrams, or sketches taken or prepared at the scene of the collision which reveal or might reveal marks, damage or conditions which no

longer exist at said scene or which probably no longer exist as said scene on the date of the filing of this request for production of documents.

15.     Identify and produce your commercial driver's license(s).

16.     Identify and produce all documents evidencing your driving record.

17.     Identify and produce any and all documents evidencing your logs (*i.e.*, record of duty status) for the date of the Collision and six (6) months prior to the collision.

18.     Identify and produce all documents evidencing the bill or invoice, including any call logs, for your mobile or cell phone number or account for the period February 1, 2020 through April 30, 2020.

19.     Identify and produce the cell phone you had in your possession at the time of the Collision.

20.     Identify and produce all documents evidencing your educational history.

21.     Identify and produce all documents evidencing your employment history.

22.     Identify and produce all documents evidencing your marital history.

23.     Identify and produce all documents evidencing your military service history.

24.     Identify and produce all documents evidencing your criminal history (*i.e.*, all documents evidencing all charges, guilty pleas, or convictions of any crime).

25.     Identify and produce all documents evidencing your medical history from every hospital, institution, or healthcare provider by which you have been seen, treated, or cared for during the period March 1, 2017 to the date of your response.

26.     Identify and produce all documents evidencing your history of treatment for drug, substance, or alcohol use, abuse, or addiction.

27.     Identify and produce all documents or things evidencing all prescriptions for medication used by you during the period 30 days before the collision through 30 days after the collision.

28.     Identify and produce all documents or things evidencing your use or consumption of any drugs (prescription or over the counter), controlled substances, or alcohol within the 24 hours before the collision.

29.     Identify in a log and produce to the court *in camera* every document and thing that is responsive to any of the Plaintiffs' Discovery Requests but is being withheld by you under claim of privilege, immunity, or objection to discovery.

This 29th day of March 2021.

<div style="text-align: right;">

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
 **TRIAL LAWYERS, LLC**
By: */s/James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

</div>

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:       mike@stonelaw.com
J. Stone email:       james@stonelaw.com

Control Number : SOP-21081913

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530


## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Vozel Transport, Inc.**

have been filed with the Secretary of State on 03/30/2021 pursuant to O.C.G.A. § 40-1-117 relating to the following matter:

Case: Tarene Doyle v. Vozel Transport, Inc.
Court: STATE COURT OF BIBB COUNTY
Civil Action No.: 21SCCV092667

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/31/2021.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Control Number : SOP-21081913

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATION

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that I have received in my office copies of legal documents in the matter of:

**Tarene Doyle v. Vozel Transport Inc., and Vozian Anatoli**
**STATE COURT OF BIBB COUNTY**
**Civil Action No. 21SCCV092667**

A copy of said documents has been forwarded by registered mail or certified mail, return receipt requested to:

**Vozel Transport, Inc.**

A copy of the return receipt will be forwarded to the filing person when it is received in my office.

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/31/2021.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 3/30/2021 1:30:27 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-21081913 |

**DEFENDANT INFORMATION**

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Business |
| Defendant's Name | : Vozel Transport, Inc. |
| Control Number of the Business Entity (if applicable) | : |
| Registered Agent's or Defendant's Address Where Service Attempted and/or Forwarded | : 361 Evening Star Court, Bolingbrook, IL, 60440, USA |

**STATUTORY AUTHORITY**

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-1-117

**CASE INFORMATION**

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Tarene Doyle |
| Style of Proceeding | : Tarene Doyle v. Vozel Transport Inc., and Vozian Anatoli |
| Civil Action Number | : 21SCCV092667 |
| Court | : STATE COURT OF BIBB COUNTY |

**SERVICE OF PROCESS DOCUMENTS**

See attached document(s).

**FILER's INFORMATION**

| | |
|---|---|
| Filer Type | : Individual |
| Name | : James Stone |
| Address | : 5229 Roswell Road NE, Atlanta, GA, 30342, USA |

**AUTHORIZER INFORMATION**

| | |
|---|---|
| Authorizer Name | : James Stone |

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-SCCV-092667</u>

Doyle, Tarene

_____

**PLAINTIFF**

**VS.**

Vozel Transport, Inc.
Anatoli, Vozian

_____

**DEFENDANTS**

**SUMMONS**

TO: VOZEL TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Stone**
> **The Stone Law Group - Trial Lawyers, LLC**
> **580 College St.**
> **P.O. Drawer 70**
> **Blakely, Georgia 39823**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2021.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and | * | Civil Action No. _____ |
| VOZIAN ANATOLI | * | |
| Defendants | * | |
| | * | |

## COMPLAINT FOR DAMAGES

COME NOW YOUR PLAINTIFF above named and file this Complaint for Damages, showing this Court as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS
### Nature of the Case, Parties, Jurisdiction, Venue, and Conditions Precedent

1.     This is an action for damages and appropriate relief for personal and bodily injury to Plaintiff Tarene Doyle (Doyle).

2.     The claims asserted arise out of a commercial motor vehicle collision that occurred on March 3, 2020, on Interstate 75, near mile-marker 152 in Macon, Bibb County, Georgia.

3.     At that time and place, a commercial motor vehicle, operated by Defendant Vozian Anatoli (Anatoli) for Defendant Vozel Transport, Inc. (Vozel Transport), struck Plaintiff Doyle's commercial vehicle from the rear and seriously injured Plaintiff Doyle.

4.     Plaintiff is a resident of Georgia, residing at 355 Emerson Trail, Covington, Newton County, Georgia 30016.

5.     Defendant Vozel Transport, Inc. (Vozel Transport) is a foreign corporation organized under Illinois law and is a resident of that state. Defendant Vozel Transport's principal place of business is 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Vozel

Transport may be served by delivering a copy of the Complaint and Summons to its President and Secretary, Defendant Vozian Anatoli, at that same address. Alternatively, Defendant Vozel Transport may be served by delivering a copy of the Complaint and Summons to the Secretary of the State of Georgia as provided in O.C.G.A. § 40-1-117(a).

6.     Defendant Vozel Transport is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. §§ 40-1-50 *et seq.*, and is subject to the provisions of that Act.

7.     Defendant Vozel Transport is subject to the jurisdiction of this Court and venue of this action against Defendant Vozel properly lies in this county pursuant to O.C.G.A. §§ 40-1-117(b) and 40-12-3.

8.     This action arises out of tortious acts or omissions Defendant Vozel Transport has committed in this state in the operation of a commercial motor vehicle by its agent, officer, employee, or statutory employee, Defendant Anatoli. These tortious acts or omissions resulted in injuries to Plaintiff.

9.     Defendant Anatoli is resident of Illinois, residing at 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Anatoli may be issued a summons and service of process at this address. Alternatively, Defendant Anatoli may be served in this state under the Georgia Non-Resident Motorist Act by delivering service of Summons and Complaint to the Secretary of the State of Georgia as provided in O.C.G.A. §§ 40-12-1 *et seq*. and 9-11-4(j).

10.     Defendant Anatoli is subject to the jurisdiction of this Court and venue of this action against Defendant Anatoli properly lies in this county under the Georgia Non-Resident Motorist Act, O.C.G.A. § 9-10-90, *et seq.* and O.C.G.A. § 40-12-3.

11.     At all times relevant to this action, Defendant Anatoli was the President, corporate officer, agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli

was acting in the course and scope of his employment with Defendant Vozel Transport and in pursuit of its business. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts and omissions that are imputed to them.

12.     Alternatively, at all times relevant to this action, Defendant Anatoli was an independent contractor who undertook to perform non-delegable duties imposed on Defendant Vozel Transport by Federal or Georgia laws. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions that breached those non-delegable duties.

13.     All conditions precedent to the bringing of this action and Plaintiffs' right to the relief sought herein have occurred, have been performed, or have been excused.

## Background Facts

14.     On March 3, 2020, at approximately 6:53 PM, Plaintiff Doyle was legally operating his 2014 Freightliner Conventional FLC tractor trailer (Freightliner) and travelling northbound in the extreme right-hand travel lane of Interstate 75 (I-75) near mile marker 152 in Macon, Bibb County, Georgia.

15.     At that time and place, Defendant Anatoli was driving a 2013 Volvo 0ASpirit (Volvo) owned, possessed, controlled, and operated by either Defendants Vozel Transport or Anatoli, or both of them, in the extreme right-hand travel lane of I-75.

16.     At that time and place, Defendant Anatoli was performing the obligation of Defendant Vozel Transport as a motor carrier for hire. Defendant Anatoli was performing this obligation directly or indirectly for the financial benefit of Defendant Vozel Transport.

17.     Defendant Anatoli approached Mr. Doyle from the rear at a speed higher than Plaintiff Doyle's speed.

18.     Defendant Anatoli attempted to change lanes to the middle lane of I-75 in order to pass and overtake Plaintiff Doyle on his left.

19.     To avoid causing contact with a vehicle in the middle lane, Defendant Anatoli aborted his lane change and remained or re-entered in the extreme right-hand lane of I-75.

20.     Defendant Anatoli collided with Mr. Doyle from the rear.

21.     At that time and place, Defendant Anatoli's view of traffic signs, signals, control devices, as well as the roadway, adjacent lanes of travel, and the Volvo driven by Mr. Doyle, was clear and unobstructed.

22.     At that time and place, Defendant Anatoli proximately caused the collision by negligently driving and operating the Freightliner in one or more of the following ways, among others:

> (a)    Failing to maintain his lane in violation of O.C.G.A. § 40-6-48;
>
> (b)    Following too closely in violation of O.C.G.A. § 40-6-49;
>
> (c)    Failure to use due care to keep a proper lookout;
>
> (d)    Failure to use due care to maintain control over the speed and movements of the vehicle to avoid colliding with and injuring others lawfully using the road, including the Plaintiff Doyle; and
>
> (e)    Any and all acts or omissions that may be shown at trial.

23.     Defendant Anatoli's conduct in driving the Volvo was negligent.

24.     Defendant Anatoli's conduct in driving the Volvo was negligent *per se*.

25.     At that time and place, the Volvo driven by Defendant Anatoli struck Plaintiff Doyle's Freightliner and proximately caused serious harm and injuries, including:

> (a)    Serious bodily injuries some of which are disabling and permanent;
>
> (b)    Physical pain and suffering in the past and in the future;
>
> (c)    Mental pain and suffering in the past and in the future;

(d)     Emotional trauma and distress in the past and in the future;

(e)     Expenses for medical and other care and treatment in the past and in the future;

(f)     Loss of income and earning capacity in the past and in the future;

(g)     Diminished capacity to work, labor, and earn money;

(h)     Loss of enjoyment of life in the past and in the future.

26.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff Doyle is entitled to recover his reasonable expenses of litigation, including attorney's fees, from the Defendants as a part of his damages under O.C.G.A. § 13-6-11.

## COUNT 1
## Vicarious Liability Claim against Vozel Transport, Inc.

27.     Paragraphs 1 through 26 are incorporated by reference.

28.     At all times relevant to this action, Defendant Anatoli was the agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli was acting within the course and scope of his employment and in pursuit of Defendant Vozel Transport's business.

29.     Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions.

30.     By reason of the foregoing, Defendant Vozel Transport is subject to liability to Plaintiff Doyle for all his general and special compensatory damages for the harm proximately caused by Defendant Anatoli's negligence.

## COUNT 2
## Negligence or Negligence *Per Se*

31.     Paragraphs 1 through 26 are incorporated by reference.

32.     Defendant Anatoli's acts and omissions were negligent.

33.     Defendant Anatoli's acts and omissions were negligent *per se*.

34.     Because of the foregoing, Defendant Anatoli is subject to liability to Plaintiff Doyle

for all his general and special damages for all harm proximately caused by the Defendants'

negligence.

WHEREFORE, Plaintiff Doyle demands:

(a)     Trial by jury;

(b)     Judgment against Defendants for such sums as the evidence shall show Mr.
Doyle to be justly entitled to recover as compensatory damages, including
interest, reasonable expenses of litigation, including attorney's fees and all
costs;

(c)     Such other relief as the Court deems proper.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
 **TRIAL LAWYERS, LLC**
By: */s/ James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:      james@stonelaw.com

6

⚓ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
SFL
MAR 29, 2021 01:05 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE          *

      Plaintiff,       *

v.                *

VOZEL TRANSPORT, INC. and    *       Civil Action No. _____
VOZIAN ANATOLI

                    *

      Defendants       *

                    *

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT VOZEL
### TRANSPORT, INC. – SET 1

**TO:**    **Defendant Vozel Transport, Inc., and its Attorneys**

The following Interrogatories ("Discovery Requests") are served on you pursuant to the

provisions of O.C.G.A. §§ 9-11-26 and 33. You are required to answer these Discovery Requests

separately and fully, in writing, under oath, and serve a copy of such answers upon Plaintiffs'

counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.    These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq*., and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you. In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules. If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.    Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

3.    These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to

you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

4.  Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

5.  If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

6.  Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email: mike@stonelaw.com; aileen@stonelaw.com
>     james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

The Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by her in propounding the discovery requests to help you understand the objectives of her discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests.  ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance

concerning the Plaintiffs' Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means that motor vehicle collision forming the basis of the Complaint in this action which is more particularly described in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Concerning* means relating to, reflecting, pertaining to, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Defendant Anatoli* means Defendant Vozian Anatoli.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal

entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership,

government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, digital images, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded by electronically, stenographically, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*Vozel Transport* means Defendant Vozel Transport, Inc.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## **INTERROGATORIES**

1.      Identify every person known to you, or your representatives, who claims to have knowledge of any facts, opinions, circumstances, or information relevant to the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally what each person identified claims to know.

2.      Identify every document or thing known to you, or your representatives, which contains information material or relevant to the subject matter of this lawsuit, or the claims or defenses of any party.

3.      Regarding Vozel Transport, identify the following people:

    (a)      The Safety Director/Chief Safety Officer at Vozel Transport on the date of the Subject Collision and now;

    (b)      The person(s) primarily responsible for compliance with state and federal safety regulations at Vozel Transport on the date of the Subject Collision and now;

    (c)      The person(s) responsible for training Defendant Anatoli; and

    (d)      Defendant Anatoli's supervisor and manager on the date of the Subject Collision.

4.      For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Vozel Transport's driver's actions in the three years prior to the Subject Collision up to the date of your response, provide the style of the case (or name of parties, jurisdiction and case number), and briefly describe the circumstances of each suit/claim and the disposition.

5.      Identify and explain each communication of any kind between any federal and/or state agency and Vozel Transport that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

6.      With respect to the tractor operated by Defendant Anatoli at the time of the Subject

Collision, provide the following information:

(a)      Identify the registered owner, lessor (if any), and lessee (if any) on the date of the Subject Collision.

(b)      Provide the mileage and gross weight at the time of the Subject Collision.

(c)      For the engine, identify the manufacturer, year, model, and identification number.

(d)      Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)      Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved and identify the person who has custody of the data and of the system from which the data was acquired.

(f)      Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)      Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

7.      With respect to the trailer operated by Defendant Anatoli at the time of the Subject

Collision, provide the following information:

(a)      Identify the registered owner, lessor (if any) and lessee (if any) on the date of the Subject Collision and presently.

7

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

8.    With respect to the trip that Defendant Anatoli was on at the time of the Subject Collision, provide the following information:

(a)    Identify all shippers and brokers involved;

(b)    Explain where and when (date and time) Defendant Anatoli picked up the load he had at the time of the Subject Collision;

(c)    Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)    Identify the location, time, duration, and reason for each stop Defendant Anatoli made from the time he picked up the load until the time of the Subject Collision; and

(e)    Identify the route Defendant Anatoli intended to follow from the point of origin to the point of destination.

9.    With respect to Defendant Anatoli's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)    Identify all errors on Defendant Anatoli's logs of which you are aware;

(b)    Identify all HOS violations of which you are aware;

(c)    Explain what you have done, if anything, to audit or verify the accuracy of Defendant Anatoli's logs and identify all persons involved in the process; and,

    (d)    Identify all documents and data of any kind that you used to audit or verify the accuracy of Defendant Anatoli's logs.

10.    For the 72 hours leading up to the Subject Collision, provide the following information regarding Defendant Anatoli:

    (a)    Identify all driving hours;

    (b)    Identify all on-duty not driving hours (location and activities);

    (c)    Identify all stops (time and location) and the reason for them;

    (d)    Identify when and where meals were eaten;

    (e)    Identify if, when, and where Defendant Anatoli slept; and

    (f)    Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

11.    If Vozel Transport performs hours of service log audits on drivers,

    (a)    Explain what is entailed in the auditing process;

    (b)    Identify all documents and data used in the process;

    (c)    Identify who performs the audits (in-house or outsourced);

    (d)    Identify when, if ever, Defendant Anatoli's logs were audited; and

    (e)    Identify all Hours-of-Service violations of which you are aware for Defendant Anatoli while he was working with your company.

12.    With Respect to Defendant Anatoli, provide the following information:

    (a)    Explain the relationship between Vozel Transport and Defendant Anatoli at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

    (b)    Explain how Defendant Anatoli was compensated for driving (by hour, by load, by mile, salary or other);

    (c)    Explain all steps Vozel Transport undertook to qualify Defendant Anatoli in accord with the Federal Motor Carrier Safety Regulations; and

    (d)    Identify when Vozel Transport's relationship with Defendant Anatoli began and ended.

13.     Was Defendant Anatoli acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

14.     Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Vozel Transport regarding Defendant Anatoli at any time.

15.     Describe in detail all training and education (including on the job training) provided by or on behalf of Vozel Transport to Defendant Anatoli at any time and in any way related to the operation of a commercial motor vehicle.

16.     Identify all traffic violations committed by Defendant Anatoli while in your employ or in previous employment.

17.     If Defendant Anatoli has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

18.     Did Defendant Anatoli have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

19.     For each motor vehicle collision/accident involving Defendant Anatoli, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved, and a brief description of what happened.

20.     If Defendant Anatoli has ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

21.     Identify and explain all communications of any kind between Defendant Anatoli and anyone acting for or on behalf of Vozel Transport during the twenty-four (24) hours before

and after the Subject Collision.  For each communication, identify the method of communication (cell phone, Qualcomm, other), time of communication, persons involved, and the general subject.

22.     If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Defendant Anatoli at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

23.     Identify all Vozel Transport policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions concerning safe driving and/or defensive driving that were made available or provided by Vozel Transport to Defendant Anatoli during his employment with Vozel Transport.

24.     Describe in detail when and how you first became aware that Defendant Anatoli was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

25.     Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

26.     Identify all persons who to your knowledge have given a statement in any form (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

27.     Please state whether any drug and/or alcohol tests (blood, urine, or otherwise) were performed on Defendant Anatoli after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address, and phone number of the persons, firms, or

entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.     Identify every person who has made any observations, measurements, or photos, of the Volvo involved in the Collision, or any surrogate or exemplar vehicles.  For each, give the following information:

(a)     State each of the observations and measurements such person has made;

(b)     Identify each of the photos such person has made; and

(c)     Identify any documents such person created concerning such observations, measurements, photographs, digital images, or videotapes.

29.     Identify every person known to you who has made any observations, measurements, or photos of the scene at or near the place of the Collision.  For each, give the following information:

(a)     State each of the observations and measurements such person has made;

(b)     Identify each of the photos such person has made; and

(c)     Identify any documents such person created concerning such observations, measurements, photos.

30.     Identify every person you expect to call to testify in your behalf as an expert witness on the trial of this case and for each give the following information:

(a)     State the subject matter on which the expert is expected to testify;

(b)     Give a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

(c)     State the substance of the facts and opinions to which the expert is expected to testify;

(d)     State a summary of the grounds for each of the expert's opinions;

(e)     Identify all documents and things the expert has reviewed;

      (f)     Identify all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify; and

      (g)     State the basis for the expert's compensation for all services relating to this case.

31.    Identify every person who has been retained or specially employed by you in anticipation of litigation or preparation for trial who is <u>not</u> expected to be called by you as an expert witness on the trial of this case.

32.    Identify every person who has expressed an opinion concerning the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally the opinions expressed by each person identified, and the grounds stated for each opinion.  **<u>NOTE</u>**:  <u>This interrogatory does not seek disclosure of information about testifying experts or non-testifying expert consultants retained or specially employed by you in anticipation of litigation or preparation for trial.  This interrogatory seeks disclosure of information about any person who has expressed either a lay or expert opinion other than retained testifying experts and retained non-testifying expert consultants.</u>

33.    Identify every report made by any person relating to the subject matter of this lawsuit, or the claims or defenses of any party.

34.    Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

35.    Do you claim that any party other than you is or may be responsible, at least in part, for the injuries and damages claimed in the Complaint for damages?  If so, identify each such other party, and give the following information:

      (a)     State the factual basis for your claim with particularity;

(b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim;

(c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know;

(d)     Identify each document and thing that you rely on as the supporting basis for such claim.

36.     Do you contend that the negligence or other fault of the Plaintiff was a sole proximate cause or a contributing proximate cause of the incident and his resulting injuries?  If so, give the following information:

(a)     State the basis for your claim with particularity;

(b)     Identify every act or omission by Plaintiff you claim was negligence or other misconduct.

(c)     Identify every violation of statute, administrative rule, ordinance, or other law by Plaintiff you claim was a proximate cause of the incident.

(d)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim.

(e)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know.

(f)     Identify each document and thing that you rely on as the supporting basis for such claim.

37.     Identify every other person, including parties or non-parties, whom you claim is or may be responsible, at fault, or legally liable, in whole or in part, for proximately causing the Plaintiff's harm, injuries, and damages claimed against you in the Complaint, and for each, provide the following information:

(a)     State the factual basis for your claim with particularity;

(b)     Identify each act or omission you claim constitutes fault on the part of each person identified, and state how and to what extent each act or omission

identified contributed as a proximate cause of the harm, injuries, and damages claimed;

(c)    State the percentage of total fault you claim ought to be assigned to each person and the reasons for such assignment;

(d)    Identify each person who participated in evaluating and determining the percentage of fault you claim ought to be assigned to each person identified;

(e)    Identify the methodology, information, documents, and things you rely on to support the percentage of fault you claim ought to be assigned to each person;

(f)    State the factual and evidentiary bases for apportionment of fault by percentages among all persons you identified as being responsible, at fault, or liable for the Plaintiffs' injury, harm, and damages.

38.    If Vozel Transport has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

39.    Identify every insurance agreement (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment, and for each, state:

(a)    The complete name and address of the insurance company;

(b)    The policy number;

(c)    The inclusive dates of coverage;

(d)    The policy limits of coverage available;

(e)    The claim number assigned by the insurance company; and

(f)    Identify the person employed by the insurer who is responsible for managing this claim.

40.     If there is any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements identified in the preceding interrogatory, identify each insurance agreement involved and describe the controversy and state the factual basis for it. **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

41.     If anyone working for or on behalf of Vozel Transport has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

42.     Before filing an answer to the Complaint in this action, did you or anyone acting on your behalf conduct any investigation to determine whether there were good grounds to support the Answer you filed, or to determine that the denials and affirmative defenses asserted in your Answer were substantially justified in fact and law?  If so, identify every person who participated in such investigation.

43.     Each of the paragraphs of the Complaint is incorporated by reference.  With respect to each paragraph of the Complaint that you deny, in whole or in part, give the following information:

        (a)     Specify the part of each paragraph you deny, and the part of each paragraph you admit;

        (b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for your denial;

        (c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for your denial, and identify what each person identified claims to know; and

        (d)     Identify each document or thing that you rely on as the supporting basis for your denial.

44.    Identify each affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not, and for each, give the following information:

(a)    Describe each defense with specificity and particularity;

(b)    Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for the defense;

(c)    Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for the defense, and identify what each person identified claims to know; and

(d)    Identify each document and thing that you rely on as the supporting basis for such defense.

45.    Each numbered request in Plaintiff's Request for Production – Set 1 to you is incorporated by reference.  With respect to each request, give the following information:

(a)    State whether you made a diligent search for all documents, tangible objects and items of real or documentary evidence falling within the scope of the request;

(b)    Identify every person who participated in making such a search for documents, tangible objects, and items of real or demonstrative evidence falling within the scope of the request;

(c)    Identify every place where such search was conducted;

(d)    Identify every file that was examined in the course of such search; and

(e)    Identify all documents and things which exist, but which were not produced in response to the request and state your specific reasons for failing to produce each of item withheld.

46.    Identify every person who supplied information used by you in preparing answers to these interrogatories and describe the relationship between yourself and such person.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
**TRIAL LAWYERS, LLC**
By: _/s/James W. Stone_

Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:       mike@stonelaw.com
J. Stone email:      james@stonelaw.com

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
SFL
MAR 29, 2021 01:05 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. _____ |
| | * | |
| Defendants | * | |
| | * | |

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT VOZEL TRANSPORT, INC. – SET 1

**TO:    Defendant Vozel Transport, Inc, and its Attorneys**

The following Requests for Production ("Discovery Requests") are served on you pursuant to the provisions of O.C.G.A. §§ 9-11-26 and 34.   You are required to answer these Discovery Requests separately and fully, in writing, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.    These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq*., and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you.   In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules.   If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.    Produce all requested documents and things at the offices of THE STONE LAW GROUP – TRIAL LAWYERS, LLC, 5229 Roswell Road NE, Atlanta, GA 30342, at 10:00 o'clock a.m. on the 45th day following service of these Discovery Requests.   Alternatively, you may make such documents available for inspection and copying at the offices of your counsel in this case in Georgia upon written notice to Plaintiff's counsel.   You may produce copies of documents in digital .PDF format.   Copies of audio, photo, or computer files should also

be produced in their native format.  For your convenience, if you choose to produce the documents in electronic format, you may deliver those documents to Plaintiff's counsel on electronic storage media such as a DVD disc or a removable hard drive, or you may use DropBox or Microsoft OneDrive for delivery of them to Plaintiff's counsel.  See email addresses below.

3.  Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

4.  These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

5.  Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

6.  If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

7.  Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email: mike@stonelaw.com; aileen@stonelaw.com
>         james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

The Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by her in propounding the discovery requests to help you understand the objectives of her discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests. ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance concerning the Plaintiffs' Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means that motor vehicle collision forming the basis of the Complaint in this action which is more particularly described in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Concerning* means relating to, reflecting, pertaining to, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Defendant Anatoli* means Defendant Vozian Anatoli.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails,

instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, digital images, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded by electronically, stenographically, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*Vozel Transport* means Defendant Vozel Transport, Inc.

*You, your* means and refers to Vozel Transport, Inc. on whose behalf the response to a discovery request is being made.

## REQUESTS FOR PRODUCTION

1.      Identify and produce all documents and things that you rely on as a supporting basis for your denial of any fact alleged in any part of any paragraph of the Complaint.

2.      Identify and produce all documents and thing that you rely on as a supporting basis for any affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not.

3.      Identify and produce all documents and things that contain material or information relevant to the subject matter of this lawsuit or the claims or defenses of any party.

4.      Identify and produce all policies of insurance of any kind or nature which would or might provide benefits to the Plaintiff by reason of the incident described in the Complaint.

5.      Identify and produce all documents evidencing MCS-90 endorsements relating to the commercial motor vehicle Defendant Anatoli was operating at the time of the Collision.

6.      Identify and produce all documents evidencing your insurance policies complying with the Georgia Motor Carrier Act of 2012, O.C.G.A. §40-1-112(c) during the period including March 3, 2020.

7.      Identify and produce all documents evidencing all insurance agreements (including excess, supplemental or umbrella insurance agreements, insurance for the cab, tractor, or trailer) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment.

8.      Identify and produce all documents evidencing any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance

business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment. **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

9.      Identify and produce all documents and things that relate to any facts, information, documents, things, or other matters relating to the subject matter of this action, or the claims or defenses of any party that has been furnished by you to any person you expect to call as an expert witness on the trial of this case.

10.     Identify and produce all statements made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

11.     Identify and produce all reports made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

12.     Identify and produce any and all photos taken by Defendants, their attorneys, investigators, agents, servants, or employees after the Collision which are in any manner related to the subject matter of this lawsuit.

13.     Identify and produce any and all photos, diagrams or sketches taken or prepared at the scene of the Collision which reveal or might reveal marks, damage or conditions which no longer exist at said scene or which probably no longer exist as said scene on the date of the filing of this request for production of documents.

14.     Identify and produce any and all documents evidencing Defendant Anatoli's driving record.

15.     Identify and produce any and all documents evidencing Defendant Anatoli's driving logs (*i.e.*, record of duty status) for the date of the Collision and six (6) months prior to the Collision.

16.    Identify and produce any and all documents evidencing the written response from each state agency contacted pursuant to 49 CFR 391.23 with reference to the driving record of Defendant Anatoli.

17.    Identify and produce any and all documents evidencing all written records with respect to each past employer who was contacted about the driving qualifications of Defendant Anatoli.

18.    Identify and produce any and all documents evidencing Defendant Anatoli's driver qualification file, maintained pursuant to 49 CFR 391.51, including, but not limited to:

(a)    Defendant Anatoli's application for employment;

(b)    List of Defendant Anatoli's employers for 10 years preceding the date of the application;

(c)    The reasons for leaving each employment;

(d)    Medical examiner's certificate;

(e)    Certificate(s) of road test(s);

(f)    Records of drug, substance, and alcohol tests; and

(g)    Accident register listing all DOT recorded preventable accidents.

19.    Identify and produce any and all documents evidencing Defendant Anatoli's list of violations of motor vehicle traffic laws obtained pursuant to 49 CFR 391.27.

20.    Identify and produce any and all documents evidencing Defendant Anatoli's employee-personnel file.

21.    Identify and produce any and all documents evidencing internal accident reports for any and all accidents of Defendant Anatoli.

22.    Identify and produce any and all documents evidencing reports giving you notification of Defendant Anatoli's convictions or suspensions for violating a state or local law relating to motor vehicle traffic control.

23.    Identify and produce any and all documents evidencing reports containing the results of any drug, substance, or alcohol tests administered to Defendant Anatoli during the entire time he has been employed by Defendant Vozel Transport.

24.    Identify and produce any and all documents evidencing reports containing the results of any drug, substance, or alcohol tests administered to Defendant Anatoli after the Collision.

25.    Identify and produce any and all documents evidencing company manuals provided to Defendant Anatoli covering commercial vehicle safety, maintenance, fleet safety programs, driver standards and drug and alcohol testing procedures.

26.    Identify and produce any and all documents evidencing Defendant Anatoli's pay records and financial statement documents for two (2) months prior to and including March 3, 2020.

27.    Identify and produce any and all documents relating to Defendant Anatoli's ability to drive a motor vehicle safely, including, but not limited to, letters of warning, record of disciplinary actions, safety awards, commendations, etc.

28.    Identify and produce any and all documents evidencing Defendant Anatoli's initial and subsequent commercial vehicle driving training by, or on behalf of, Defendant Vozel Transport including, but not limited to, curriculum covering safe operating practices, *i.e.*, visual search, speed management, space management, night operations, hazard perceptions, emergency maneuvers, extreme driving conditions, and skid control and recovery.

29.     Identify and produce any and all documents evidencing Defendant Vozel Transport's safety programs for commercial vehicle drivers in effect for five (5) years prior to and including March 3, 2020, including, but not limited to, documentation of driver safety meetings and driver training programs, with subjects covered to include training aids used, *e.g.*, video tapes, etc., as well as the attendance record of Defendant Anatoli.

30.     Identify and produce any and all documents evidencing federal, state, municipal and company accident reports or other accident records concerning all accidents in which Defendant Anatoli was involved including, but not limited to, the Collision that is the subject of this lawsuit and all previous accidents.

31.     If a satellite reporting system was used, identify, and produce any and all documents evidencing vehicle locations for the Volvo and Defendant Anatoli for two (2) months prior to and including March 3, 2020.

32.     Identify and produce any and all documents evidencing the March 3, 2020 itemized cell phone bill for the cell phone and PDA provided to Defendant Anatoli, if any.

33.     Identify and produce any and all documents evidencing policies and procedures governing cell phone use by your drivers which were in effect in 2020 and the date of the Collision.

34.     Identify and produce a complete, accurate, and legible copy of any and all agreements between Vozel Transport and Defendant Anatoli concerning or applicable to, directly or indirectly, Vozian and the Volvo involved in the Collision.

35.     Identify and produce all documents received in response to Nonparty Requests for Production.

36.    Identify, in a log, and produce to the court *in camera* every document and thing that is responsive to any of the Plaintiff's Discovery Requests but is being withheld by you under claims of privilege, immunity, or objection to discovery.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
 **TRIAL LAWYERS, LLC**
By: */s/James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:     james@stonelaw.com

Control Number : SOP-21081773

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Vozian Anatoli

have been filed with the Secretary of State on 03/30/2021 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Tarene Doyle v. Vozian Anatoli
Court: STATE COURT OF BIBB COUNTY
Civil Action No.: 21SCCV092667

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/31/2021.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 3/30/2021 1:25:56 PM

| FILING INFORMATION | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-21081773 |

| DEFENDANT INFORMATION | |
|---|---|

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Vozian Anatoli |
| Defendant's Address Where Service Attempted and/or Forwarded | : 361 Evening Star Court, Bolingbrook, IL, 60440, USA |

| STATUTORY AUTHORITY | |
|---|---|

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
|---|---|

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Tarene Doyle |
| Style of Proceeding | : Tarene Doyle v. Vozel Transport, Inc., and Vozian Anatoli |
| Civil Action Number | : 21SCCV092667 |
| Court | : STATE COURT OF BIBB COUNTY |

| SERVICE OF PROCESS DOCUMENTS | |
|---|---|

See attached document(s).

| FILER's INFORMATION | |
|---|---|
| Filer Type | : Individual |
| Name | : James Stone |
| Address | : 5229 Roswell Road NE, Atlanta, GA, 30342, USA |

| AUTHORIZER INFORMATION | |
|---|---|
| Authorizer Name | : James Stone |

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-SCCV-092667</u>

Doyle, Tarene

_____

**PLAINTIFF**

**VS.**

Vozel Transport, Inc.
Anatoli, Vozian

_____

**DEFENDANTS**


**SUMMONS**

TO: ANATOLI, VOZIAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        **James Stone**
        **The Stone Law Group - Trial Lawyers, LLC**
        **580 College St.**
        **P.O. Drawer 70**
        **Blakely, Georgia 39823**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2021.**

        Clerk of State Court



_____

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

✤ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and | * | Civil Action No. _____ |
| VOZIAN ANATOLI | * | |
| Defendants | * | |
| | * | |

### COMPLAINT FOR DAMAGES

COME NOW YOUR PLAINTIFF above named and file this Complaint for Damages, showing this Court as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS
### Nature of the Case, Parties, Jurisdiction, Venue, and Conditions Precedent

1.     This is an action for damages and appropriate relief for personal and bodily injury to Plaintiff Tarene Doyle (Doyle).

2.     The claims asserted arise out of a commercial motor vehicle collision that occurred on March 3, 2020, on Interstate 75, near mile-marker 152 in Macon, Bibb County, Georgia.

3.     At that time and place, a commercial motor vehicle, operated by Defendant Vozian Anatoli (Anatoli) for Defendant Vozel Transport, Inc. (Vozel Transport), struck Plaintiff Doyle's commercial vehicle from the rear and seriously injured Plaintiff Doyle.

4.     Plaintiff is a resident of Georgia, residing at 355 Emerson Trail, Covington, Newton County, Georgia 30016.

5.     Defendant Vozel Transport, Inc. (Vozel Transport) is a foreign corporation organized under Illinois law and is a resident of that state. Defendant Vozel Transport's principal place of business is 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Vozel

Transport may be served by delivering a copy of the Complaint and Summons to its President and Secretary, Defendant Vozian Anatoli, at that same address. Alternatively, Defendant Vozel Transport may be served by delivering a copy of the Complaint and Summons to the Secretary of the State of Georgia as provided in O.C.G.A. § 40-1-117(a).

6.      Defendant Vozel Transport is a "motor carrier" as defined in the Georgia Motor Carrier Act of 2012, O.C.G.A. §§ 40-1-50 *et seq.*, and is subject to the provisions of that Act.

7.      Defendant Vozel Transport is subject to the jurisdiction of this Court and venue of this action against Defendant Vozel properly lies in this county pursuant to O.C.G.A. §§ 40-1-117(b) and 40-12-3.

8.      This action arises out of tortious acts or omissions Defendant Vozel Transport has committed in this state in the operation of a commercial motor vehicle by its agent, officer, employee, or statutory employee, Defendant Anatoli. These tortious acts or omissions resulted in injuries to Plaintiff.

9.      Defendant Anatoli is resident of Illinois, residing at 361 Evening Star Court, Bolingbrook, Illinois 60440. Defendant Anatoli may be issued a summons and service of process at this address. Alternatively, Defendant Anatoli may be served in this state under the Georgia Non-Resident Motorist Act by delivering service of Summons and Complaint to the Secretary of the State of Georgia as provided in O.C.G.A. §§ 40-12-1 *et seq*. and 9-11-4(j).

10.     Defendant Anatoli is subject to the jurisdiction of this Court and venue of this action against Defendant Anatoli properly lies in this county under the Georgia Non-Resident Motorist Act, O.C.G.A. § 9-10-90, *et seq.* and O.C.G.A. § 40-12-3.

11.     At all times relevant to this action, Defendant Anatoli was the President, corporate officer, agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli

2

was acting in the course and scope of his employment with Defendant Vozel Transport and in pursuit of its business. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts and omissions that are imputed to them.

12.    Alternatively, at all times relevant to this action, Defendant Anatoli was an independent contractor who undertook to perform non-delegable duties imposed on Defendant Vozel Transport by Federal or Georgia laws. Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions that breached those non-delegable duties.

13.    All conditions precedent to the bringing of this action and Plaintiffs' right to the relief sought herein have occurred, have been performed, or have been excused.

**Background Facts**

14.    On March 3, 2020, at approximately 6:53 PM, Plaintiff Doyle was legally operating his 2014 Freightliner Conventional FLC tractor trailer (Freightliner) and travelling northbound in the extreme right-hand travel lane of Interstate 75 (I-75) near mile marker 152 in Macon, Bibb County, Georgia.

15.    At that time and place, Defendant Anatoli was driving a 2013 Volvo 0ASpirit (Volvo) owned, possessed, controlled, and operated by either Defendants Vozel Transport or Anatoli, or both of them, in the extreme right-hand travel lane of I-75.

16.    At that time and place, Defendant Anatoli was performing the obligation of Defendant Vozel Transport as a motor carrier for hire. Defendant Anatoli was performing this obligation directly or indirectly for the financial benefit of Defendant Vozel Transport.

17.    Defendant Anatoli approached Mr. Doyle from the rear at a speed higher than Plaintiff Doyle's speed.

18.     Defendant Anatoli attempted to change lanes to the middle lane of I-75 in order to pass and overtake Plaintiff Doyle on his left.

19.     To avoid causing contact with a vehicle in the middle lane, Defendant Anatoli aborted his lane change and remained or re-entered in the extreme right-hand lane of I-75.

20.     Defendant Anatoli collided with Mr. Doyle from the rear.

21.     At that time and place, Defendant Anatoli's view of traffic signs, signals, control devices, as well as the roadway, adjacent lanes of travel, and the Volvo driven by Mr. Doyle, was clear and unobstructed.

22.     At that time and place, Defendant Anatoli proximately caused the collision by negligently driving and operating the Freightliner in one or more of the following ways, among others:

(a)     Failing to maintain his lane in violation of O.C.G.A. § 40-6-48;

(b)     Following too closely in violation of O.C.G.A. § 40-6-49;

(c)     Failure to use due care to keep a proper lookout;

(d)     Failure to use due care to maintain control over the speed and movements of the vehicle to avoid colliding with and injuring others lawfully using the road, including the Plaintiff Doyle; and

(e)     Any and all acts or omissions that may be shown at trial.

23.     Defendant Anatoli's conduct in driving the Volvo was negligent.

24.     Defendant Anatoli's conduct in driving the Volvo was negligent *per se*.

25.     At that time and place, the Volvo driven by Defendant Anatoli struck Plaintiff Doyle's Freightliner and proximately caused serious harm and injuries, including:

(a)     Serious bodily injuries some of which are disabling and permanent;

(b)     Physical pain and suffering in the past and in the future;

(c)     Mental pain and suffering in the past and in the future;

    (d)    Emotional trauma and distress in the past and in the future;

    (e)    Expenses for medical and other care and treatment in the past and in the future;

    (f)    Loss of income and earning capacity in the past and in the future;

    (g)    Diminished capacity to work, labor, and earn money;

    (h)    Loss of enjoyment of life in the past and in the future.

26.    Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense. Therefore, Plaintiff Doyle is entitled to recover his reasonable expenses of litigation, including attorney's fees, from the Defendants as a part of his damages under O.C.G.A. § 13-6-11.

### COUNT 1
### Vicarious Liability Claim against Vozel Transport, Inc.

27.    Paragraphs 1 through 26 are incorporated by reference.

28.    At all times relevant to this action, Defendant Anatoli was the agent, employee, or statutory employee of Defendant Vozel Transport. Defendant Anatoli was acting within the course and scope of his employment and in pursuit of Defendant Vozel Transport's business.

29.    Defendant Vozel Transport is subject to liability for injuries and harm proximately caused by Defendant Anatoli's wrongful acts or omissions.

30.    By reason of the foregoing, Defendant Vozel Transport is subject to liability to Plaintiff Doyle for all his general and special compensatory damages for the harm proximately caused by Defendant Anatoli's negligence.

### COUNT 2
### Negligence or Negligence *Per Se*

31.    Paragraphs 1 through 26 are incorporated by reference.

32.    Defendant Anatoli's acts and omissions were negligent.

33.     Defendant Anatoli's acts and omissions were negligent *per se*.

34.     Because of the foregoing, Defendant Anatoli is subject to liability to Plaintiff Doyle for all his general and special damages for all harm proximately caused by the Defendants' negligence.

WHEREFORE, Plaintiff Doyle demands:

(a)     Trial by jury;

(b)     Judgment against Defendants for such sums as the evidence shall show Mr. Doyle to be justly entitled to recover as compensatory damages, including interest, reasonable expenses of litigation, including attorney's fees and all costs;

(c)     Such other relief as the Court deems proper.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
**TRIAL LAWYERS, LLC**
By: */s/ James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL     404/239-0305
FAX     404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:     james@stonelaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
SFL
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

TARENE DOYLE       *

      Plaintiff,       *

v.       *

VOZEL TRANSPORT, INC. and       *       Civil Action No. _____
VOZIAN ANATOLI

      *

      Defendants       *

      *

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT VOZIAN ANATOLI – SET 1

**TO: Defendant Vozian Anatoli and his attorneys**

The following Interrogatories ("Discovery Requests") are served on you subject to the provisions of O.C.G.A. §§ 9-11-26 and 33. You are required to answer these Discovery Requests separately and fully, in writing, under oath, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.     These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq.*, and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you. In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules. If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.     Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020 through the date of your response, whether your response is an original response or a supplemental response.

3.     These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to

1

you which may have existed during that period of time or any part thereof concerning the
subject matter of any particular discovery request.

4.      Please respond to Discovery Requests by furnishing all responsive materials, information,
        documents, or things either in your possession, in your control, or accessible to you by
        reasonable inquiry.  This includes all responsive materials, information, documents, or
        things in the possession, custody, or control of your (a) agents, (b) representatives, (c)
        employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or
        subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or
        corporations which because of your business relationship would readily respond to your
        inquiry in the ordinary course of business.

5.      If you object to a particular Discovery Request or to a part of a Discovery Request, please
        note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A.
        §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely
        and inadequate objections and claims of privilege or immunity **as waived**.

6.      Various words, phrases, and abbreviations used in the discovery requests should be given
        the meaning and interpretation set forth in the Table of Definitions contained herein unless
        otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used
        in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email:   mike@stonelaw.com; aileen@stonelaw.com
>          james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## TABLE OF DEFINITIONS

Plaintiff provides you with the following definitions of words, phrases, and abbreviations
used by them in propounding the discovery requests to help you understand the objectives of their
discovery efforts and to locate and disclose all responsive materials, information, documents, or
things sought by the discovery requests without engaging in semantic arguments.  These words,
phrases, and abbreviations have special meanings, and are important in describing your obligation
to make a proper and complete response to the discovery requests.  ***Refer back to these words,
phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance

concerning the Plaintiff's Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means the motor vehicle collision that occurred on March 3, 2020 that forms the basis of Plaintiff's claims set forth in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Document* means and includes all papers, photocopies, microfilm, microfiche, <u>or electronically stored information</u> of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, <u>including all metadata</u> relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded electronically, by audio, by photo, stenographically, in handwriting, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## **INTERROGATORIES**

1.     Identify every person known to you who claims to have knowledge of any facts, opinions, circumstances, or information relevant to the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally what each person identified claims to know.

2.     Identify every document or thing known to you which contains information material or relevant to the subject matter of this lawsuit or the claims or defenses of any party.

3.     Identify every person known to you who has conducted an investigation to determine any facts, information, documents, things, or other matters concerning the collision or the claims and defenses of any party to this case, describe the nature of such investigation, and identify any documents created in concerning such investigation.

4.     Identify every person who has made any observations, measurements, or photos, of the 2013 Volvo 0ASpirit tractor trailer (Volvo) involved in the collision, or any surrogate or exemplar vehicles.  For each, give the following information:

   (a)     State each of the observations and measurements such person has made;

   (b)     Identify each of the photos such person has made; and

   (c)     Identify any documents such person created concerning such observations, measurements, photographs, digital images, or videotapes.

5.     Identify every person known to you who has made any observations, measurements, or photos of the scene at or near the place of the collision.  For each, give the following information:

(a)     State each of the observations and measurements such person has made;

(b)     Identify each of the photos such person has made; and

(c)     Identify any documents such person created concerning such observations, measurements, photos.

6.     Identify every person known to you who has made any photos of the Plaintiff after the Collision, and identify each of such photographs, digital images, or videotapes.

7.     Identify every person you expect to call to testify in your behalf as an expert witness on the trial of this case and for each give the following information:

(a)     State the subject matter on which the expert is expected to testify;

(b)     Give a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

(c)     State the substance of the facts and opinions to which the expert is expected to testify;

(d)     State a summary of the grounds for each of the expert's opinions;

(e)     Identify all documents and things the expert has reviewed;

(f)     Identify all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify; and

(g)     State the basis for the expert's compensation for all services relating to this case.

8.     Identify every person who has been retained or specially employed by you in anticipation of litigation or preparation for trial who is not expected to be called by you as an expert witness on the trial of this case.

9.     Identify every person who has expressed an opinion concerning the subject matter of this lawsuit, or the claims or defenses of any party, and describe generally the opinions

expressed by each person identified, and the grounds stated for each opinion.  <u>NOTE: This interrogatory does not seek disclosure of information about testifying experts or non-testifying expert consultants retained or specially employed by you in anticipation of litigation or preparation for trial.  This interrogatory seeks disclosure of information about any person who has expressed either a lay or expert opinion other than retained testifying experts and retained non-testifying expert consultants.</u>

10.     Identify every statement made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party and identify any means each statement was recorded.

11.     Identify every report made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

12.     State your mobile or cell phone number, identify your cellular phone service provider and account number, and identify the authorized persons who have access to your account information.

13.     State whether the Volvo or your cell phone were equipped with a GPS system, a navigation system, or other kind of location tracking system, and if so whether the data recorded on it has been downloaded or analyzed and identify each person who participated in downloading or analyzing the data.

14.     Identify <u>every</u> insurance agreement (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you, or reimburse you for any payments made to satisfy such judgment, and for each, state:

        (a)     The complete name and address of the insurance company;

        (b)     The policy number;

        (c)     The inclusive dates of coverage;

      (d)     The policy limits of coverage available;

      (e)     The claim number assigned by the insurance company; and

      (f)     Identify the person employed by the insurer who is responsible for managing this claim.

15.     If there is any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements identified in the preceding interrogatory, identify each insurance agreement involved and describe the controversy and state the factual basis for it. NOTE:  "Controversy" includes any reservation of rights on the part of the insuring party.

16.     Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

17.     Provide the following information relating to your educational history:

      (a)     Identify each school or institution you have attended;

      (b)     The dates of your attendance;

      (c)     Your date of graduation, if applicable; and

      (d)     Any degree, diploma, or certificate you received.

18.     Provide the following information relating to your employment history:

      (a)     Identify each employer for whom you have worked;

      (b)     The dates of your employment;

      (c)     Your job titles or capacities;

      (d)     A description of your job duties, and;

      (e)     The reasons for leaving employment.

19.     Provide the following information relating to your marital history:

      (a)     Identify each spouse to whom you have been married;

      (b)     The date and place of marriage;

      (c)     When and how each marriage was terminated;

    (d)     If terminated by divorce, identify the state, county, court, and case number for each divorce proceeding, and the date each final decree of divorce was entered;

    (e)     If terminated by death, identify the city, county, and state in which the death of each prior spouse occurred, the date of death, and the date of the entry of the death certificate.

20.     Provide the following information relating to your military service history:

    (a)     Identify the branches of the military service in which you have served;

    (b)     The inclusive dates of your service;

    (c)     Your ranks and periods of holding each rank;

    (d)     Your duties and responsibilities; and

    (e)     The date and type of discharge you received.

21.     Provide the following information relating to your medical history:

    (a)     Identify each hospital, institution, or healthcare provider by which you have been seen, treated, or cared for during the period March 1, 2015 to the date of your response;

    (b)     Identify the dates on which you were seen, treated, or cared for by each;

    (c)     Identify and describe the reasons you were seen, treated, or cared for by each;

    (d)     Identify the diagnosis of your condition made or given by each;

    (e)     Identify and describe the treatment or care you were provided by each; and

    (f)     Identify any medication prescribed by each and state the reason for the prescription.

22.     Identify every pharmacy which has provided you with any prescription medication during the period March 1, 2018 to the date of your response.

23.     State in detail the relationship between you and Vozel Transport, Inc., at the time of the Incident (e.g., owner, officer, company driver, lease operator, temporary driver, etc.), and include the following:

    (a)     How you were paid at the time of the Incident (e.g. by hour, by load, by mile, salary, etc.);

     (b)     The total amount you were compensated for work on the date of the Incident;

     (c)     The name of the corporation which issued your paycheck; and

     (d)     When and why your relationship with Vozel Transport, Inc., began and, if necessary, ended.

24.     State in detail all training and education (including on-the-job training) provided to you by or on behalf of Vozel Transport, Inc., at any time and in any way related to the operation of the Volvo or any other commercial motor vehicle.

25.     For the time period beginning 48 hours before the Incident and ending 48 hours after the Incident, identify and explain all communications of any kind (in person, by telephone, text message, email, Qualcomm, etc.) between you and anyone acting for or on behalf of Vozel Transport, Inc., anyone acting for or on behalf of Northland Insurance Company, anyone acting for or on behalf of any law enforcement agency; anyone acting for or on behalf of any insurance company, and anyone acting for or on behalf of anyone else for any purpose.

26.     Identify each occasion on which you have ever been subjected to any discipline, reprimand, counseling, additional training, or any employment action by Vozel Transport, Inc., for any reason, whether or not related to the Subject Incident or any other incident, describe the circumstances of each occasion, and identify the agents or employees of Vozel Transport, Inc., who subjected you to such discipline, reprimand, counseling, additional training, or any employment action on each occasion.

27.     Have you ever been charged with, pled guilty to, or been convicted of any crime? If so, for each charge give the following information:

     (a)     Identify the crime charged;

     (b)     Identify the court and case number where the charge was filed;

     (c)     State the date of disposition of the charge;

(d)     Describe the disposition of the charge;

(e)     Give the date your sentence, if any, was completed; and

(f)     State how your sentence, if any, was completed.

28.     Have you ever been treated for drug, controlled substance, or alcohol use, abuse, or addiction?  If so, provide the following information:

(a)     Identify the person, hospital, or institution providing the treatment;

(b)     Identify the substance you were using, abusing, or addicted to;

(c)     State the inclusive dates of any treatment or hospitalization; and

(d)     State your discharge diagnosis and orders for any further treatment.

29.     Within the 24 hours before the Collision, did you use or consume any drugs (prescription or over the counter), controlled substances, or alcohol?  If so, identify what drugs, substances, or alcohol you used or consumed; the quantity of each used or consumed; the approximate time you commenced using or consuming such drugs, substances, or alcohol; the approximate time you commenced using or consuming such drugs, substances, or alcohol; and identify the persons who were with you while you were using or consuming such drugs, substances, or alcohol.

30.     Identify and describe any lawsuit to which you have been involved in the past.  For each lawsuit listed, identify and describe your involvement (i.e., plaintiff or defendant), the style of the case, the jurisdiction presiding over the matter, the date of the lawsuit, the nature of the lawsuit, and identify the attorney who represented you, if any.

31.     Describe in detail how the Incident described in Plaintiff's Complaint happened, including all actions taken by you to prevent colliding with or injuring Plaintiff Tarene Doyle.

32.     Do you claim that any party other than you is or may be responsible, at least in part, for the injuries and damages claimed in the Complaint for damages?  If so, identify each such other party, and give the following information:

> (a)     State the factual basis for your claim with particularity;
>
> (b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim;
>
> (c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know;
>
> (d)     Identify each document and thing that you rely on as the supporting basis for such claim.

33.     Do you contend that the negligence or other fault of the Plaintiff was a sole proximate cause or a contributing proximate cause of the incident and his resulting injuries?  If so, give the following information:

> (a)     State the basis for your claim with particularity;
>
> (b)     Identify every act or omission by Plaintiff you claim was negligence or other misconduct.
>
> (c)     Identify every violation of statute, administrative rule, ordinance, or other law by Plaintiff you claim was a proximate cause of the incident.
>
> (d)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for such claim.
>
> (e)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for such claim and identify what each person identified claims to know.
>
> (f)     Identify each document and thing that you rely on as the supporting basis for such claim.

34.     Identify every other person, including parties or non-parties, whom you claim is or may be responsible, at fault, or legally liable, in whole or in part, for proximately causing the

Plaintiff's harm, injuries, and damages claimed against you in the Complaint, and for each, provide the following information:

    (a)    State the factual basis for your claim with particularity;

    (b)    Identify each act or omission you claim constitutes fault on the part of each person identified, and state how and to what extent each act or omission identified contributed as a proximate cause of the harm, injuries, and damages claimed;

    (c)    State the percentage of total fault you claim ought to be assigned to each person and the reasons for such assignment;

    (d)    Identify each person who participated in evaluating and determining the percentage of fault you claim ought to be assigned to each person identified;

    (e)    Identify the methodology, information, documents, and things you rely on to support the percentage of fault you claim ought to be assigned to each person;

    (f)    State the factual and evidentiary bases for apportionment of fault by percentages among all persons you identified as being responsible, at fault, or liable for the Plaintiffs' injury, harm, and damages.

35.    Before filing an answer to the Complaint in this action, did you or anyone acting on your behalf conduct any investigation to determine whether there were good grounds to support the Answer you filed, or to determine that the denials and affirmative defenses asserted in your Answer were substantially justified in fact and law?  If so, identify every person who participated in such investigation.

36.    Each of the paragraphs of the Complaint is incorporated by reference.  With respect to each paragraph of the Complaint that you deny, in whole or in part, give the following information:

    (a)    Specify the part of each paragraph you deny, and the part of each paragraph you admit;

    (b)    Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for your denial;

    (c)    Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis

for your denial, and identify what each person identified claims to know; and

(d)     Identify each document or thing that you rely on as the supporting basis for your denial.

37.     Identify each affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not, and for each, give the following information:

(a)     Describe each defense with specificity and particularity;

(b)     Identify the facts, opinions, circumstances, information, or application of law to fact, which you rely on as the supporting basis for the defense;

(c)     Identify every person who claims to have knowledge of any of the facts, opinions, circumstances, or information that you rely on as the supporting basis for the defense, and identify what each person identified claims to know; and

(d)     Identify each document and thing that you rely on as the supporting basis for such defense.

38.     Each numbered request in Plaintiff's Request for Production – Set 1 to you is incorporated by reference.  With respect to each request, give the following information:

(a)     State whether you made a diligent search for all documents, tangible objects and items of real or documentary evidence falling within the scope of the request;

(b)     Identify every person who participated in making such a search for documents, tangible objects, and items of real or demonstrative evidence falling within the scope of the request;

(c)     Identify every place where such search was conducted;

(d)     Identify every file that was examined in the course of such search; and

(e)     Identify all documents and things which exist, but which were not produced in response to the request and state your specific reasons for failing to produce each of item withheld.

This 29th day of March 2021.

Attorneys for Plaintiffs
**THE STONE LAW GROUP**
**TRIAL LAWYERS, LLC**
By: *Is/James W. Stone*
Michael G. Regas II

Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:         mike@stonelaw.com
J. Stone email:      james@stonelaw.com

⬢ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-092667**
**SFL**
**MAR 29, 2021 01:05 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. _____ |
| | * | |
| Defendants | * | |
| | * | |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VOZIAN ANATOLI– SET 1

**TO: Defendant Vozian Anatoli and his Attorneys**

The following Request for Production ("Discovery Requests") are served on you subject to the provisions of O.C.G.A. §§ 9-11-26 and 34. You are required to answer these Discovery Requests separately and fully, in writing, and serve a copy of such answers upon Plaintiffs' counsel THE STONE LAW GROUP – TRIAL LAWYERS, LLC within 45 days after receipt hereof.

### SPECIAL INSTRUCTIONS

1.  These Special Instructions are not intended as any attempt by the Plaintiff to impose upon you any requirements or obligations beyond those imposed upon you by the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq*., and the Georgia Uniform Superior Court Rules (collectively, the "Rules"), and they should not be considered as such by you. In responding to these Discovery Requests, you are requested to follow the following instructions, which the Plaintiff believes are consistent with the Rules. If you object to doing so because you believe these instructions impose upon you any requirements or obligations beyond those imposed upon you by the Rules, you are requested to state specifically how you contend they do so and what your understanding of the Rules is so the issue will be brought sharply into focus if court intervention is necessary to compel proper responses.

2.  Produce all requested documents and things at the offices of THE STONE LAW GROUP – TRIAL LAWYERS, LLC, 5229 Roswell Road NE, Atlanta, GA 30342, at 10:00 o'clock a.m. on the 45th day following service of these Discovery Requests. Alternatively, you may make such documents available for inspection and copying at the offices of your counsel in this case in Georgia upon written notice to Plaintiff's counsel. You may produce copies of documents in digital .PDF format. Copies of audio, photo, or computer files should also

be produced in their native format.  For your convenience, if you choose to produce the documents in electronic format, you may deliver those documents to Plaintiff's counsel on electronic storage media such as a DVD disc or a removable hard drive, or you may use DropBox or Microsoft OneDrive for delivery of them to Plaintiff's counsel.  See email addresses below.

3.      Except as otherwise provided, the Discovery Requests cover the entire period from March 3, 2020, through the date of your response, whether your response is an original response or a supplemental response.

4.      These Discovery Requests require you to disclose and/or produce (as the case may be) all responsive materials, information, documents, or things known or reasonably available to you which may have existed during that period of time or any part thereof concerning the subject matter of any particular discovery request.

5.      Please respond to Discovery Requests by furnishing all responsive materials, information, documents, or things either in your possession, in your control, or accessible to you by reasonable inquiry.  This includes all responsive materials, information, documents, or things in the possession, custody, or control of your (a) agents, (b) representatives, (c) employees, (d) attorneys, (e) corporate departments or divisions, (f) your parent or subsidiary corporations, (g) corporate affiliates, and (h) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

6.      If you object to a particular Discovery Request or to a part of a Discovery Request, please note that the Rules require that the "reasons for objection shall be stated."  O.C.G.A. §9-11-30(b)(5), -30(d), -33(a), -34(b), -36(a), and -45.  The Plaintiff will treat all untimely and inadequate objections and claims of privilege or immunity **as waived**.

7.      Various words, phrases, and abbreviations used in the discovery requests should be given the meaning and interpretation set forth in the Table of Definitions contained herein unless otherwise stated.  If you are unsure of the meaning of a word, phrase, or abbreviation used in any discovery request, **please contact Plaintiff's counsel**:

> Michael G. Regas II
> James W. Stone
> THE STONE LAW GROUP – TRIAL LAWYERS
> 5229 Roswell Road NE
> Atlanta, GA 30342
> TEL 404/239-0305
> FAX 229/723-4834
> Email: mike@stonelaw.com; aileen@stonelaw.com
>          james@stonelaw.com

**in writing**, specify the word or phrase whose meaning you claim is unclear, and ask for **written clarification** of the word or phrase in question.  To the extent any ambiguity genuinely exists, such written clarification will be promptly provided to you.

## **TABLE OF DEFINITIONS**

Plaintiff provides you with the following definitions of words, phrases, and abbreviations used by them in propounding the discovery requests to help you understand the objectives of their discovery efforts and to locate and disclose all responsive materials, information, documents, or things sought by the discovery requests without engaging in semantic arguments. These words, phrases, and abbreviations have special meanings, and are important in describing your obligation to make a proper and complete response to the discovery requests. ***Refer back to these words, phrases, and abbreviations as you respond to the discovery requests.***

*Affirmative Defense* means any defensive claim or other matter in confession or avoidance concerning the Plaintiff's Complaint, whether or not the defensive claim is required to be pleaded in your answer by O.C.G.A. § 9-11-8(c) and includes any defensive issue or claim on which the Defendant bears the burden of proof.

*All* means every single one.

*Audio* means sound recordings on audiotape, videotape, digital audio files, or video audio files, or any other means of recording sound.

*Collision* means the motor vehicle collision that occurred on March 3, 2020 that forms the basis of Plaintiff's claims set forth in the Complaint.

*Communication* means the transmission of any information, documents, or things from one party to another by whatever means accomplished.

*Document* means and includes all papers, photocopies, microfilm, microfiche, or electronically stored information of any kind or character, including but not limited to writings, correspondence, letters, telefacsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes, reports, computer printouts, spread sheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form.

*Electronically stored information* means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drives, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spread sheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data or data, sound or image compilations, stored in any medium from which information

regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, including all metadata relating to the information or data.

*Identify* (when used with respect to artificial persons, *i.e.* government agencies, corporations, partnerships, joint ventures, legal entities, and associations-in-fact although not legal entities) means to state the full name, address and telephone number of such person together with the name, address, telephone number and job title of the employee, agent, servant or representative of such person who has knowledge of the particular facts or possession, custody or control of the particular documents or things of which discovery is sought.

*Identify* (when used with respect to communications) means to describe the communication (i.e. oral, written, in person, by mail, private interstate carrier, wire, by radio, by television, etc.), give the date of the communication, identify any mailing or interstate wiring related to the communication, identify the place where the communication occurred, identify the persons who made the communication, identify the person who received the communication, identify all facts, information, documents or things communicated, identify and produce all documents relating to the communication, and state the purpose of the communication.

*Identify* (when used with respect to documents or things **not withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought and identify the person presently having possession, custody, or control of the document or thing.

*Identify* (when used with respect to documents or things **withheld** because of claim of privilege or other objection) means to list and describe the items of which discovery is sought sufficiently for the Plaintiffs to identify the items in a motion for *in camera* inspection:

*Identify* (when used with respect to facts, opinions, circumstances or information) means to give a concise summary of the nature and substance of the facts, opinions, circumstances or information of which discovery is sought.

*Identify* (when used with respect to natural persons) means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person.

*Identify* (when used with respect to meetings) means to state the date, time, and place of the meeting, state whether there was a written agenda, identify all persons who participated in the meeting, state whether minutes were kept or a document containing a report of the meeting was created, and identify the custodian of such minutes or reports.

*Identify* (when used with respect to statements) means to identify the person who made the statement, state the date, time and place the statement was made, identify all persons who claim to have heard the statement, identify all persons who were present when the statement was made, and state what was allegedly said.

*Incident* means the transactions, occurrences, and events forming the basis of this lawsuit.

*Information* means facts, data, opinions, principles, and theories by whatever means acquired or compiled, including that communicated orally or included in documents.

*Meeting* means an assembly, gathering, or coming together of a number of persons for the purpose of discussing a matter in which they have an interest, whether in-person, face-to-face, or via electronic media.

*Person* means and includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association, or association-in-fact although not a legal entity.

*Photos* means and includes photographs, digital photographs, motion pictures, videotape, videodisc, digital video, and any other means or recording images.

*Relates, - or - Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to, documenting, evidencing, illustrating, or otherwise bearing upon the subject of inquiry in any way.

*Statement* means an oral or written assertion or expression of matters of fact or opinion, whether or not recorded electronically, by audio, by photo, stenographically, in handwriting, or otherwise.

*Things* means any item that may be used as evidence other than a document and includes items of real and demonstrative evidence.

*You, your* means and refers to the Defendant on whose behalf the response to a discovery request is being made.

## REQUESTS FOR PRODUCTION

1.      Identify and produce all documents and things that you rely on as a supporting basis for your denial of any fact alleged in any part of any paragraph of the Complaint.

2.      Identify and produce all documents and things that you rely on as a supporting basis for any affirmative defense to the Complaint which you intend to raise, whether pleaded in your Answer or not.

3.      Identify and produce all documents and things that contain information material or relevant to the subject matter of this lawsuit, or the claims or defenses of any party.

4.      Identify and produce any and all policies of liability insurance providing coverage to the you for claims arising out of the collision or copies of any and all policies of insurance which allegedly provided liability insurance coverage to you for the collision including, but not limited to, coverage for the operator of the cab, tractor and/or trailer.

5.      Identify and produce any and all policies of insurance of any kind or nature which would or might provide benefits to the Plaintiff by reason of the incident described in the Complaint.

6.      Identify and produce all documents evidencing all insurance agreements (including excess, supplemental or umbrella insurance agreements that may provide insurance for the operator of the cab, tractor, or trailer) under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment.

7.      Identify and produce all documents evidencing any question or controversy as to whether or not coverage is afforded you under any of the insurance agreements (including excess, supplemental or umbrella insurance agreements) under which any person carrying on an insurance

business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify you or reimburse you for any payments made to satisfy such judgment. **NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party.

8.    Identify and produce all documents and things that relate to any statement made by any person relating to the subject matter of this action or the claims or defenses of any party.

9.    Identify and produce all documents and things that relate to any facts, information, documents, things, or other matters relating to the subject matter of this action or the claims or defenses of any party that has been furnished by you to any person you expect to call as an expert witness on the trial of this case.

10.    Identify and produce all documents and things that have been examined, reviewed, or relied on in forming opinions and conclusions by any person you expect to call as an expert witness on the trial of this case.

11.    Identify and produce all documents and things evidencing any report made by any person you expect to call as an expert witness on the trial of this case, or that is mentioned, discussed, or referred to in such a report.

12.    Identify and produce all reports made by any person relating to the subject matter of this lawsuit or the claims or defenses of any party.

13.    Identify and produce any and all photos taken by Defendants, their attorneys, investigators, agents, servants, or employees after the collision which are in any manner related to the subject matter of this lawsuit.

14.    Identify and produce any and all photos, diagrams, or sketches taken or prepared at the scene of the collision which reveal or might reveal marks, damage or conditions which no

longer exist at said scene or which probably no longer exist as said scene on the date of the filing of this request for production of documents.

15.  Identify and produce your commercial driver's license(s).

16.  Identify and produce all documents evidencing your driving record.

17.  Identify and produce any and all documents evidencing your logs (*i.e.*, record of duty status) for the date of the Collision and six (6) months prior to the collision.

18.  Identify and produce all documents evidencing the bill or invoice, including any call logs, for your mobile or cell phone number or account for the period February 1, 2020 through April 30, 2020.

19.  Identify and produce the cell phone you had in your possession at the time of the Collision.

20.  Identify and produce all documents evidencing your educational history.

21.  Identify and produce all documents evidencing your employment history.

22.  Identify and produce all documents evidencing your marital history.

23.  Identify and produce all documents evidencing your military service history.

24.  Identify and produce all documents evidencing your criminal history (*i.e.*, all documents evidencing all charges, guilty pleas, or convictions of any crime).

25.  Identify and produce all documents evidencing your medical history from every hospital, institution, or healthcare provider by which you have been seen, treated, or cared for during the period March 1, 2017 to the date of your response.

26.  Identify and produce all documents evidencing your history of treatment for drug, substance, or alcohol use, abuse, or addiction.

27.     Identify and produce all documents or things evidencing all prescriptions for medication used by you during the period 30 days before the collision through 30 days after the collision.

28.     Identify and produce all documents or things evidencing your use or consumption of any drugs (prescription or over the counter), controlled substances, or alcohol within the 24 hours before the collision.

29.     Identify in a log and produce to the court *in camera* every document and thing that is responsive to any of the Plaintiffs' Discovery Requests but is being withheld by you under claim of privilege, immunity, or objection to discovery.

This 29th day of March 2021.

<div style="margin-left:50%;">

Attorneys for Plaintiffs

**THE STONE LAW GROUP**
 **TRIAL LAWYERS, LLC**
By: */s/James W. Stone*
Michael G. Regas II
Georgia State Bar No. 599084
James W. Stone
Georgia State Bar No. 328708

</div>

5229 Roswell Road NE
Atlanta, GA 30342
TEL    404/239-0305
FAX    404/445-8003
Regas email:        mike@stonelaw.com
J. Stone email:       james@stonelaw.com

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARENE DOYLE | * | |
| Plaintiff, | * | |
| v. | * | |
| VOZEL TRANSPORT, INC. and VOZIAN ANATOLI | * | Civil Action No. 21-SCCV-092667 |
| | * | |
| Defendants | * | |
| | * | |

## **PLAINTIFFS' AFFIDAVIT OF COMPLIANCE WITH STATUTORY REQUIREMENTS FOR SERVICE ON THE SECRETARY OF STATE FOR VOZIAN ANATOLI**

GEORGIA, FULTON COUNTY

Personally appeared before the undersigned officer, James W. Stone, who being first duly sworn, says under oath as follows:

1. I am of legal age, laboring under no disabilities, and am competent to testify to the following facts which are within my personal knowledge.

2. I am the attorney for the Plaintiff in the above captioned case now pending in the State Court of Bibb County, Georgia, as Civil Action No. 21-SCCV-092667 in that court.

3. In compliance with the requirements of O.C.G.A. §§ 40-12-1, 40-12-2, 45-13-26, I caused a copy of the Summons and Complaint in this action to be served on the Hon. Brad Raffensperger, Secretary of State of Georgia, or his designated representative, along with this Affidavit of Compliance with O.C.G.A. § 40-12-2 and paid to said Secretary of State the statutory service fee of $10.00 required by O.C.G.A. § 40-13-26.

4. I further certify that, in addition to and after service upon the Secretary of State, I shall mail or cause to be mailed by registered or certified mail or statutory overnight delivery a copy of the Summons, Complaint, Interrogatories to Defendant Anatoli, and Requests for

1

Production to Defendant Anatoli to Defendant Anatoli, at 361 Evening Star Court, Bolingbrook,

Illinois 60440, which is his address listed on the Georgia Motor Vehicle Crash Report filed by

Bibb County Sheriff's Office.

This 30th day of March 2021.

James W. Stone
Attorney for the Plaintiff

Sworn to and subscribed before me
this _30_ day of _March_, 2021.

Notary Public _____ County, Georgia

My commission expires _____

(NOTARY SEAL)

Karen S Peisel
NOTARY PUBLIC
Cobb County, GEORGIA
My Commission Expires 11/18/2022

2

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

Print Form

**21-SCCV-092667**

APR 12, 2021 11:22 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21-SCCV-092667

Date Filed _____

Attorney's Address

Stone Law Group

5229 Roswell Road NE

Atlanta, GA 30342

Name and Address of Party to Served

State Farm Insurance Company

c/o Corporation Service Company, Registered Agent

~~40 Technology Parkway South, Suite 300, Norcross, GA 30092~~

2 Sun Court, Suite 400
Peachtree Corners, GA 30092

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, BIBB                    COUNTY

Tarene Doyle

                                        Plaintiff

VS.

Vozel Transport, Inc.

and Vozian Anatoli

                                        Defendant

                                        Garnishee

RECEIVED CIVIL DIV. G.C.S.O. 21 APR 12 11:52

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant State Farm Insurance Company a corporation
by leaving a copy of the within action and summons with Alisha Smith
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 5 day of April , 20 21

_____
DEPUTY

M. E. Diggs 501763

CLERK'S COPY

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE,                          :
                                       :
        Plaintiff,                     :
                                       :
vs.                                    :        CIVIL ACTION NO: 21-SCCV-092667
                                       :
VOZEL TRANSPORT, INS. and              :
VOZIAN ANATOLI,                        :
                                       :
        Defendants.                    :

### RESPONSE AND DEFENSES OF
### STATE FARM FIRE AND CASUALTY COMPANY

**COMES NOW**, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm") and having been served as the alleged uninsured motorist carrier for the plaintiff files this its response and defenses as follows:

### FIRST DEFENSE

State Farm shows that this is not a proper uninsured motorist claim as the motor vehicle being operated by defendant Vozian Anatoli and owned by defendant Vozel Transport, Inc. was not an "uninsured motor vehicle" as that term is defined under Georgia.

### SECOND DEFENSE

For further defense, State Farm shows that on information and belief, the plaintiff Tarene Doyle was in the course and scope of his employment and that plaintiff Tarene Doyle is pursuing a workers' compensation claim and State Farm hereby shows that pursuant to its policies of insurance of uninsured motorist coverage will not duplicate benefits to the plaintiff paid by workers' compensation.

### THIRD DEFENSE

Subject to the foregoing defenses, State Farm responds the enumerated paragraphs of plaintiff's Complaint as follows:

State Farm is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraphs 1 through 34 inclusive and therefore all the same are denied.

**WHEREFORE,** having filed this response and these defenses, State Farm Fire and Casualty Company prays that its defenses be inquired into and sustained by the Court and that State Farm be discharged with its costs.

JURY TRIAL DEMANDED.

This 29 day of _____April_____, 2021.

CUBBEDGE SNOW III
Georgia State Bar No. 666025
Attorney for State Farm Fire and
Casualty Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone:(478) 749-1717
Email: csnow@martinsnow.com

## CERTIFICATE OF SERVICE

GEORGIA, BIBB COUNTY

  This is to certify that I have this day served the foregoing Response, Defenses and Cross Claim of State Farm Fire and Casualty Company on:

Michael G. Regas, II, Esq.  
The Stone Law Group Trial Lawyers  
5229 Roswell Road NE  
Atlanta, Georgia  30342  
Attorney for Plaintiff

Daniel J. Kingsley, Esq.  
Swift Currie McGhee & Hiers LLP  
1355 Peachtree Street NE, Ste 300  
Atlanta, Georgia  30309  
Attorney for Defendants

by placing a true and correct copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure delivery.

This ____ day of _____, 2021.

_____  
CUBBEDGE SNOW III  
Georgia State Bar No. 666025  
Attorney for State Farm Fire and  
Casualty Company

MARTIN SNOW, LLP  
P. O. Box 1606  
Macon, Georgia 31202-1606  
Phone: (478) 749-1717  
Email: csnow@martinsnow.com

S0896.58275

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE,                          :
                                       :
        Plaintiff,                     :
                                       :
vs.                                    :        CIVIL ACTION NO: 21-SCCV-092667
                                       :
VOZEL TRANSPORT, INC. and              :
VOZIAN ANATOLI,                        :
                                       :
        Defendants.                    :

## STATE FARM'S FIRST INTERROGATORIES TO PLAINTIFF

TO:     TARENE DOYLE, Plaintiff, by and through his attorney of record, Michael Regas, II,

        Esq., 5229 Roswell Road NE, Atlanta, Georgia 30342.

        You are required to answer in writing under oath the following interrogatories within

thirty days from the date of service as provided by law.

        NOTE A:  When used in these interrogatories, the term "plaintiff" or any synonym

thereof is intended to and shall embrace and include, in addition to said plaintiff, all agents,

servants, representatives, private investigators, and others who are in the position of obtaining

or may have obtained information for or on behalf of the plaintiff.

        NOTE B:   These interrogatories shall be deemed continuing so as to require

supplemental answers if you or your attorneys obtain further information between the time

answers are served and the time of trial.  Any such supplementary answers are to be filed and

served upon counsel for defendant within 30 days from receipt of such additional information,

but not later than the time of trial.

        **INTERROGATORY NO. 1:** State your full name, addresses for the past five years,

social security number, and date of birth; state your spouse's full name; date of birth, and

occupation.

**INTERROGATORY NO. 2:** What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who saw or claim they saw all or any part of the occurrence complained of in this action?

**INTERROGATORY NO. 3:** What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who arrived at the scene of the occurrence complained of in this action immediately or shortly after said occurrence?

**INTERROGATORY NO. 4:** What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing, to you, your attorney, your insurance carrier, or anyone else to your knowledge covering the facts and circumstances and the incident which is the subject matter of this litigation, listing for each such statement the date of same and to whom the statement was given.

**INTERROGATORY NO. 5:** Give the names and addresses of all practitioners of the healing arts (physicians, chiropractors, osteopaths, etc.) or other persons from whom plaintiff has received treatment for any claimed injuries received in the incident referred to in plaintiff's complaint, listing the dates of each visit for each practitioner.

**INTERROGATORY NO. 6:** Give the names and addresses of all practitioners of the healing arts (physicians, chiropractors, osteopaths, etc.) to whom you have been for any purpose within the last three years prior to the date of the incident involved in this lawsuit,

and give the physical difficulty or symptom for which said practitioner was consulted.

**INTERROGATORY NO. 7:**  Itemize your total medical expenses arising out of the occurrence which is the subject matter of this lawsuit, including, but not limited to, hospital bills, doctor bills, and medicine bills, showing the amounts paid to each and every hospital and each and every doctor and to each and every drug concern.  If you will do so without a motion to produce, please attach copies of all medical and drug bills to doctors' reports.

**INTERROGATORY NO. 8:**  State the name and address of the physician or practitioner from whom you last received treatment and the date thereof.

**INTERROGATORY NO. 9:**  List all hospitalizations for any reason prior to the incident complained of in plaintiff's complaint.

**INTERROGATORY NO. 10:**  Identify any narrative report concerning your examination or treatment by any physician or practitioner and state the name and address of the person presently having possession of the same.

**INTERROGATORY NO. 11:**  If you were hospitalized as a result of injuries you contend you received in this incident, please furnish the following information:

      (a)  The date of admittance and date of dismissal for each hospitalization;

      (b)  The name and address of the hospital; and

      (c)  If any hospital liens have been filed, please identify and state whether or not they have been satisfied.

**INTERROGATORY NO. 12:**  State the names and addresses of each person or organization by whom or with whom you have been employed during the five-year period immediately preceding the date of the incident alleged in said complaint, as well as for each year thereafter and, with respect to each, please state:

(a)  The inclusive dates of each such employment;

(b)  The average weekly, bi-weekly or monthly compensation and/or commissions received for each such employment and state whether said amount is take-home pay or gross pay.

**INTERROGATORY NO. 13:**  If you contend that you were unable to work at your place of employment as a result of the alleged injuries sustained in the incident complained of in said complaint, please state:

(a)  The period of time during which you claim that you were unable to work as a result of the incident;

(b)  The amount of lost earnings you claim to have lost as a result of your alleged inability to work;

(c)  The manner in which each such amount is computed, i.e., gross, net, hourly, weekly, etc.

**INTERROGATORY NO. 14:**  Describe any support, cast, brace, prosthesis or other device or garment you were required to wear as a result of injuries, illnesses or disabilities you have alleged to have suffered or sustained by reason of the incident referred to in said complaint.

**INTERROGATORY NO. 15:**  Have you ever, prior to the collision involved, or subsequent thereto, sustained any injury to any part of your body that you allege was injured in the subject accident?

**INTERROGATORY NO. 16:**  For any other automobile accident, home accident, work accident, motorcycle accident or any other kind of accident in which you have been involved prior to or subsequent to the incident involved in this litigation, please furnish the

following information:

      (a)  The date and location;

      (b)  The name of the drivers or parties involved.

**INTERROGATORY NO. 17:**  For any other suit you have filed for damages for any personal injury, illness or disability suffered by you either prior to or subsequent to the incident referred to in said complaint, please furnish the following information:

      (a)  When each such suit was filed;

      (b)  The name of the court in which each such suit was filed;

      (c)  The name of each of the parties to each such suit.

**INTERROGATORY NO. 18:**  As to any claim you have ever filed under any workers' compensation law on account of any industrial or other injury, illness or disability for which you sought an award of workers' compensation benefits, please furnish the following information:

      (a)  When, where and against whom such claim was asserted;

      (b)  The nature and extent of the injury, illness or disability for which claim was made;

      (c)  The amount and date of each award;

**INTERROGATORY NO. 19:**  State the amount of your gross income shown on your income tax return for the three years immediately preceding the incident referred to in said complaint and the source thereof.

**INTERROGATORY NO. 20:**  Give what knowledge you have, if any, of what was said by any witnesses at the scene as to how or why the incident happened or to whose act or acts it was attributable.

**INTERROGATORY NO. 21:**  As to any photographs that have been made or taken by you, your attorney, or anyone else of either the scene of the incident or of your person, please furnish the following information:

      (a)  When, where and by whom each such photograph was taken;

      (b)  The name and address of the person now having possession or custody of each such photograph;

      (c)  A brief description of what each such photograph portrays.

**INTERROGATORY NO. 22:**  If you have ever been convicted of a criminal offense, furnish the following information:

      (a)  The nature of the charge;

      (b)  The date of your conviction;

      (c)  The court (including city, county and state) where you were convicted.

**INTERROGATORY NO. 23:**  State the name and address of each of your relatives, whether by blood or marriage, who lives within the jurisdiction of this court.

**INTERROGATORY NO. 24:**  Will you call any expert as a witness on the trial of this action?  If so, state the following information for each such expert:

      (a)  The name, age, address and present employment of the expert;

      (b)  The field of expertise and the qualifications of the experts;

      (c)  The facts and opinions to which each expert will testify and a summary of the grounds for each opinion.

**INTERROGATORY NO. 25:**  State the names, addresses, employment, and present whereabouts of any and all persons who might be deemed experts and with whom the plaintiff or plaintiff's attorney have discussed the issues and/or facts involved in this litigation.

**INTERROGATORY NO. 26:** Please state whether or not plaintiff had consumed any

alcoholic beverage, narcotics, sedatives, or any other drugs within the **twenty-four (24)** hour period immediately preceding the incident which is the subject of this lawsuit.  If so, state the name, type and brand of alcohol consumed, including the quantity, or the nature of the drug which plaintiff took and in the amount it was taken, whether it was prescription drugs or not.

**INTERROGATORY NO. 27:**  Did you have a car phone or a cell phone in your possession on the date of the incident?  If so, were you either talking on it, texting, or utilizing the e-mail? Please state the telephone number for that phone and the name of the company that provided service for that phone at the time.

**INTERROGATORY NO. 28:**  Are you currently, or have you ever been, a member of any social networking service?  If your answer is yes, then please state the name of the social networking service, your username for that service, the length of time you have used that service, the web address for that service, the length of time you spend on the service's website per day, the substance of any reference you have made to this accident on that service, the number of friends or contacts you have, and whether your page is public, private, or semi-private.  Please remember that you are under a duty to prevent the spoliation of any such page you may have.

**INTERROGATORY NO. 29:**  Please state whether or not you or anyone on your behalf have received or are eligible to receive any benefits or compensation whatsoever arising from the injury alleged in your complaint from any governmental or private source, including but not limited to your present or any former employer, any state, federal, or local government unit, any insurance company and/or any pension fund.

**INTERROGATORY NO. 30:**  If the answer to the preceding interrogatory is in the affirmative, please state:

(a)  The name and address of such source;

(b)  If an insurance company, the number of the policy affording benefits and the name and address of the named insured;

(c)   The amount of benefits which have been received by you or on your behalf;

(d)   The amount of benefits for which you or anyone on your behalf are eligible;

(e)  The dates of payments of any benefits.

This ____ day of _____, 2021.

_____
CUBBEDGE SNOW, III
Georgia State Bar No. 666025
Attorney for State Farm Fire and
Casualty Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone: (478) 749-1717
Email:   csnow@martinsnow.com

## CERTIFICATE OF SERVICE

GEORGIA, BIBB COUNTY

This is to certify that I have this day served the foregoing State farm's First Interrogatories on:

Michael G. Regas, II, Esq.
The Stone Law Group Trial Lawyers
5229 Roswell Road NE
Atlanta, Georgia  30342
Attorney for Plaintiff

Daniel J. Kingsley, Esq.
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street NE, Ste 300
Atlanta, Georgia  30309
Attorney for Defendants

by placing a true and correct copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure delivery.

This 24 day of _____April_____, 2021.

_____
CUBBEDGE SNOW, III
Georgia State Bar No. 666025
Attorney for State Farm Fire and Casualty
Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone: (478) 749-1717
**Email: csnow@martinsnow.com**

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE,                          :
                                       :
              Plaintiff,               :
                                       :
vs.                                    :         CIVIL ACTION NO: 21-SCCV-092667
                                       :
VOZEL TRANSPORT, INC. and              :
VOZIAN ANATOLI,                        :
                                       :
              Defendants,              :

## STATE FARM'S  FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:    TARENE DOYLE, Plaintiff, by and through his attorney of record, Michael Regas, II,

       Esq., 5229 Roswell Road NE, Atlanta, Georgia  30342.

       COMES NOW, STATE FARM FIRE AND CASUALTY COMPANY, as the alleged

uninsured motorist carrier in the above-styled case, and pursuant to Rule 34 of the Georgia Civil

Practice Act (O.C.G.A. Sec. 9-11-34) hereby requests plaintiff to produce and permit defendant

to inspect and copy the documents designated below.  You are requested to produce the

documents described below at the law offices of Martin Snow, LLP, 240 Third Street, Macon,

Georgia at 10:00 a.m. on the thirty-first day after receipt of service of the within Request for

Production, where facilities are available for inspection and copying.  In the event the thirty-first

day falls on a Saturday or Sunday, you are requested to produce the document at the above time

and place on the next following business day.  In lieu of appearing personally and producing

said documents, you may respond to said request by mailing true and accurate copies of said

documents to the undersigned at Post Office Box 1606, Macon, Georgia 31202-1606, within

thirty (30) days after receipt of this request.

       DEFINITION:  "Document(s)" means any writing, record or other graphic matter of any

type or description, including but not limited to originals (or, if you lack the original, whatever

type of copy you have) of any agreements, correspondence, letters, telegrams, office communications, memoranda, reports, records, instructions, expense reports, activity reports, handwritten notes, notebooks, scrapbooks, diaries, appointment books, photographs, photocopies, charts, transcripts of telephone conversations, files, filing systems, file cards and other retrievable data in plaintiff's possession, custody or control, wherever located, however produced or reproduced, including any identical or non-identical copy and whether a draft or final version.

1.

All medical bills and/or other documentation of any special damages claimed, including but not limited to doctors' bills, hospital bills, ambulance bills, drug bills, and any other bills, fees, charges or other evidence of medical expenses which were incurred by plaintiff or which were incurred on behalf of plaintiff as a result of the incident complained of in the complaint in this action.

2.

All medical reports and/or statements, including but not limited to doctors' reports and/or statements, hospital reports and/or statements, and any other reports or statements which were made or otherwise compiled by any hospital, medical college, medical institution, clinic, physician, surgeon, chiropractor, or any other practitioner of a healing art concerning or in any way related to the examination, treatment, evaluation, consultation, treatment and/or diagnosis and/or prognosis of plaintiff, relative to the injuries which plaintiff claims to have sustained as a result of the incident referred to in the complaint in this action.

3.

Any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

4.

Any and all photographs, x-ray film or other medical film or test, sketches, transparencies and/or drawings of any person, party, illustrative medical chart or diagram, or any other object or thing relative to the incident referred to in the complaint in this action and the subject matter thereof or which you anticipate using with any witness (lay or expert) during their testimony in this case.

5.

Any and all photographs, sketches, transparencies and/or drawings of any person, party, or any other object or thing relative to the incident referred to in the complaint in this action and the subject matter thereof.

6.

Any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by the plaintiff in anticipation of litigation and/or for trial in this action.

7.

Any and all statements, if any, previously made by any agents, employees, or other representatives of plaintiff concerning this action or the subject matter of this action.

8.

All documents, evidence of writing, or any other tangible thing which plaintiff or any one on plaintiff's behalf referred to in any form or fashion in answering or attempting to answer this defendant's first interrogatories to plaintiff.

9.

All real, demonstrative, photographic or other documentary evidence which you contend to be relevant to the issues involved in this case.

10.

In the event that plaintiff may be seeking to recover for alleged loss of income or earnings, or in the event that plaintiff may be seeking to prove the extent, if any, of loss of income or earnings, please produce plaintiff's federal and state income tax returns, whether filed jointly or severally, for the last three (3) years.

PLEASE RESPOND AS REQUIRED BY LAW.

This _____ day of _____, 2021.


_____
CUBBEDGE SNOW, III
Georgia State Bar No. 666025
Attorney for State Farm Fire and Casualty
Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone: (478) 749-1717
Email:   csnow@martinsnow.com

## CERTIFICATE OF SERVICE

GEORGIA, BIBB COUNTY

This is to certify that I have this day served the foregoing State Farm's First Request for Production of Documents on:

Michael G. Regas, II, Esq.
The Stone Law Group Trial Lawyers
5229 Roswell Road NE
Atlanta, Georgia 30342
Attorney for Plaintiff

Daniel J. Kingsley, Esq.
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street NE, Ste 300
Atlanta, Georgia 30309
Attorney for Defendants

by placing a true and correct copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure delivery.

This 29 day of April, 2021.

CUBBEDGE SNOW, III
Georgia State Bar No. 666025
Attorney for State Farm Fire and Casualty
Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone: (478) 749-1717
**Email: csnow@martinsnow.com**

# IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

TARENE DOYLE,                                    :
                                                 :
        Plaintiff,                          :
                                                 :
vs.                                              :    CIVIL ACTION NO:  21-SCCV-092667
                                                 :
VOZEL TRANSPORT, INC. and                        :
VOZIAN ANATOLI,                                  :
                                                 :
        Defendants.                         :

### <u>CERTIFICATE OF SERVICE OF DISCOVERY</u>

This certifies that I have this day served true and correct copies of STATE FARM'S FIRST INTERROGATORIES TO PLAINTIFF and STATE FARM'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF addressed to:

Michael G. Regas, II, Esq.                    Daniel J. Kingsley, Esq.
The Stone Law Group Trial Lawyers            Swift Currie McGhee & Hiers LLP
5229 Roswell Road NE                         1355 Peachtree Street NE, Ste 300
Atlanta, Georgia  30342                       Atlanta, Georgia  30309
Attorney for Plaintiff                        Attorney for Defendants

by placing a true and correct copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure delivery.

This 29 day of April, 2021.

CUBBEDGE SNOW III
Georgia State Bar No. 666025
Attorney for State Farm Fire and
Casualty Company

MARTIN SNOW, LLP
P. O. Box 1606
Macon, Georgia 31202-1606
Phone: (478) 749-1717
**Email: csnow@martinsnow.com**

S0896.58275